ORIGINAL

DUANE M. GECK (State Bar No. 114823)
Email: dmg@severson.com
DAVID E. PINCH (State Bar No. 124851)
Email: dep@severson.com
DONALD H. CRAM, III (State Bar No. 160004)
Email: dhc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiff Ford Motor Credit Company, LLC

FILED
2007 JUN 22 P 2:38
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#1 Fees Pd SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company,

    Plaintiff,

vs.

LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual,

    Defendants.

No. C07 03301 RS

**COMPLAINT FOR:**

(1) **BREACH OF WHOLESALE AGREEMENT**
(2) **BREACH OF CAPITAL LOAN AGREEMENT**
(3) **REPLEVIN**
(4) **SPECIFIC PERFORMANCE**
(5) **INJUNCTIVE RELIEF**
(6) **BREACH OF GUARANTY**

---

10872/0000/630871.1

COMPLAINT
*Ford Credit v. Lewis Family Enterprises, Inc.*

Plaintiff, Ford Motor Credit Company, LLC, a Delaware limited liability company, ("Ford Credit") alleges as follows:

## JURISDICTION AND VENUE

1.  The jurisdiction of the Court over the subject matter of this action is predicated on diversity jurisdiction as defined by 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the claims are between citizens of different states.

2.  Venue is proper under 28 U.S.C. §1391 as a substantial part of the events or omissions, giving rise the claims, occurred in this judicial district, and a substantial part of the property, that is the subject of the action, is situated is in this judicial district of the Northern District of California.

## PARTIES

3.  Plaintiff Ford Credit is, and at all material times hereto, has been, a Delaware limited liability company. Ford Credit has its principal place of business in the state of Michigan. Ford Credit's international headquarters are located in Dearborn, Michigan. All the company's executive offices, its treasury, its main computer systems, its accounting departments, personnel and other administrative functions, all run from the Dearborn headquarters. Ford Credit does not derive significantly greater revenues from its business in California than in any other state. Ford Credit does not have more employees in California than any other state. The Ford Credit headquarters in Dearborn, Michigan houses many times more employees as those who are employed in California. Commercial lending is a relatively small part of the Company's total business operations in California.

4.  Defendant, Lewis Family Enterprises, Inc., dba Bob Lewis Lincoln Mercury, a California corporation (hereinafter "Bob Lewis Lincoln Mercury" or

"Dealer") is a California corporation with its principal place of business in Santa Clara County at 911 Capitol Expressway Auto Mall, San Jose, California 95136.

5. Defendant, Steven Robert Lewis (hereinafter "Lewis") is an individual who is a citizen of the State of California and a resident of Santa Clara County, California. Lewis entered into a written guaranty of Bob Lewis Lincoln Mercury's obligations to Ford Credit.

## GENERAL ALLEGATIONS

**A.   Wholesale Agreement with Bob Lewis Lincoln Mercury**

6. Ford Credit and Bob Lewis Lincoln Mercury entered into an agreement titled Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement dated December 12, 2003, ("Wholesale Agreement"). A copy of the Wholesale Agreement is attached hereto as Exhibit "A" and is incorporated by this reference. Under the Wholesale Agreement, Ford Credit provided Bob Lewis Lincoln Mercury inventory financing for the acquisition of new and used motor vehicles for sale and lease through Bob Lewis Lincoln Mercury's retail automotive sales business.

7. Under the Wholesale Agreement, Bob Lewis Lincoln Mercury granted Ford Credit a security interest as follows:

> As security for all Advances now or hereafter made by Ford Credit hereunder, and for the observance and performance of all other obligations of Dealer to Ford Credit in connection with the wholesale financing of Merchandise for Dealer, Dealer hereby grants to Ford Credit a security interest in the Merchandise wherever located now owned or hereafter acquired by Dealer, accessions thereto, accessories and replacement parts therefore, and in the proceeds and products thereof in whatever form, of any sale or other disposition of the Merchandise or other collateral, and in accounts, instruments, chattel paper, general intangibles, contract rights documents and supporting obligations arising from the disposition of the Merchandise or other collateral; and Dealer hereby assigns to Ford Credit, and grants to Ford Credit a security interest in, all amounts that may now or hereafter be payable to Dealer by the manufacturer, distributor or seller of any of the Merchandise by way of

rebate or refund of all or any portion of the purchase price thereof.

8. Ford Credit and Bob Lewis Lincoln Mercury entered into a Security Agreement dated February 26, 2004. Under the Security Agreement, Bob Lewis Lincoln Mercury granted Ford Credit a security interest in:

   a. All equipment, fixtures, furniture, demonstrators and service vehicles, supplies and machinery and other goods of every kind.

   b. All motor vehicles, tractors, trailers, service parts and accessories and other inventory of every kind and accession thereto.

   c. All accounts, instruments, chattel paper and general intangibles, contract rights, documents and supporting obligations thereto.

A copy of the Security Agreement is attached hereto as Exhibit "B" and is incorporated by reference.

**B.     Capital Loan Agreement with Bob Lewis Lincoln Mercury**

9. On or about January 13, 2004, Ford Credit and Bob Lewis Lincoln Mercury entered into a Master Loan and Security Agreement and Supplement thereto ("Capital Loan Agreement"). A copy of the Loan Agreement is attached hereto as Exhibit "C".

10. Under the Capital Loan Agreement, Ford Credit lent Bob Lewis Lincoln Mercury $800,000.00 to be repaid with interest as set forth in the agreement.

11. The Capital Loan Agreement includes a cross default provision by which a default under any security document or other agreement between Bob Lewis Lincoln Mercury and Ford Credit is a default under the Capital Loan Agreement and Ford Credit is entitled to accelerate the loan balance that Bob Lewis Lincoln Mercury owes to it under the Capital Loan Agreement.

12. Under the Capital Loan Agreement, Bob Lewis Lincoln Mercury granted Ford Credit a security interest in specific collateral. The collateral includes the vehicles identified in the Wholesale Agreement. The complete description of the collateral is as follows:

> The term "Collateral" shall mean, collectively, all of the personal property now owned or hereafter acquired by [Bob Lewis Lincoln Mercury], including without limitation (1) all equipment, fixtures, furniture, demonstrators and service vehicles, supplies and machinery and other goods of every kind, (2) all motor vehicles, tractors, trailers, implements, service parts and accessories and other inventory of every kind and an accessions thereto, (numbers (1) and (2) above collectively referred to as the Personalty") and (3) all accounts, instruments, chattel paper, general intangibles, contract rights documents and supporting obligations thereto (collectively, the "Intangibles").

13. The collateral identified under the Wholesale Agreement, the Security Agreement, and the Capital Loan Agreement is collectively referred to as the "Collateral".

14. Ford Credit perfected its security interests in the Collateral by filing a UCC-1 financing statement with the Office of the Secretary of State of California on October 28, 2003, as document number 0330360194, and all amendments and continuation statements thereafter. Copies of Ford Credit's UCC-1 Financing Statements are attached as Exhibit "D" and are incorporated by reference.

15. The Wholesale Agreement, Security Agreement, UCC-1 Financing Statement, and the Addendum as identified above and attached hereto as Exhibits "A" through "D," inclusive, are collectively referred to as the "Loan Documents."

### C. Guaranty by Steven Robert Lewis

16. On or about December 12, 2003, and in order to induce Ford Credit to make advances under the Wholesale Agreement with Bob Lewis Lincoln Mercury, Lewis executed and delivered to Ford Credit, a Continuing Guaranty. Under the Continuing Guaranty, Lewis guaranteed full payment of all of Bob Lewis Lincoln Mercury's obligations to Ford Credit.

17. A true and correct copy of the Continuing Guaranty is attached hereto as Exhibits "H" and is incorporated by this reference.

## FIRST CLAIM FOR RELIEF
### (Breach of Wholesale Agreement against Bob Lewis Lincoln Mercury)

18. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 17 above.

19. Ford Credit has performed all conditions, covenants and promises required of it in accordance with the terms and conditions of the Loan Documents.

20. Ford Credit conducted an audit of the inventory and accounts of Bob Lewis Lincoln Mercury on June 13, 2007. Ford Credit determined pursuant to that audit that Bob Lewis Lincoln Mercury has defaulted on its obligations under the Wholesale Agreement. Bob Lewis Lincoln Mercury has sold vehicles and failed to repay Ford Credit the amounts advanced to Bob Lewis Lincoln Mercury to acquire the vehicles. This creates a sales out of trust or "SOT" condition. This is a serious breach of the Wholesale Agreement because Ford Credit has lost its vehicle Collateral and Bob Lewis Lincoln Mercury has received the proceeds from the sale of those vehicles and used the money for other purposes—effectively reducing Ford Credit's Collateral that secures its loans of money to Bob Lewis Lincoln Mercury.

21. As of the audit Ford Credit conducted on June 13, 2007, Bob Lewis Lincoln Mercury owes Ford Credit for the principal sums on 22 SOT vehicles

totaling $497,754.70. A copy of the spreadsheet that identifies each SOT vehicle sold by vehicle identification number, date of sale, and balance owed is attached hereto as Exhibit "E".

22. As a result of these defaults and through this lawsuit, Ford Credit is exercising its rights under its Wholesale Agreement and Security Agreement to accelerate the remainder of the payments due for the financing of the vehicle inventory. This right is granted to Ford Credit under the Wholesale Agreement at ¶9 which provides: "Upon the occurrence of an Event of Default, (Ford Credit) may accelerate, and declare immediately due and payable, all Advances made hereunder together with accrued interest and flat charges".

23. Ford Credit has demanded that Bob Lewis Lincoln Mercury pay the amounts owing, but Bob Lewis Lincoln Mercury has failed and refused to pay the amount now due. As of June 15, 2007, the total principal loan balance that Bob Lewis Lincoln Mercury owes to Ford Credit under the Wholesale Agreement is $2,333,494.56, plus accrued interest and flat fees as billed for May 2007 statement of $28,000.31.

24. By the terms of the Wholesale Agreement, Bob Lewis Lincoln Mercury agreed to pay reasonable attorneys' fees and costs incurred by Ford Credit in enforcing its rights thereunder. Ford Credit has retained the undersigned counsel to commence and prosecute this action and Ford Credit is entitled to recover its attorneys' fees and costs as incurred.

**SECOND CLAIM FOR RELIEF**
**(Breach of Capital Loan Agreement against Bob Lewis Lincoln Mercury)**

25. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 24 above.

26. Under the Capital Loan Agreement a default under any other agreement between Ford Credit and Bob Lewis Lincoln Mercury is a default under

10872/0000/630871.1    - 7 -    COMPLAINT
Ford Credit v. Lewis Family Enterprises, Inc.

the Capital Loan Agreement. As a result of Bob Lewis Lincoln Mercury's default, Ford Credit elects to accelerate the balance that Bob Lewis Lincoln Mercury owes to it under the Capital Loan Agreement.

27. As of June 15, 2007, Bob Lewis Lincoln Mercury owes Ford Credit under the Capital Loan Agreement the amount of $269,114.82. Interest continues to accrue at the rate stated in the Capital Loan Agreement.

28. By the terms of the Capital Loan Agreement, Bob Lewis Lincoln Mercury agreed to pay reasonable attorneys' fees and costs incurred by Ford Credit in enforcing its rights thereunder. Ford Credit has retained the undersigned counsel to commence and prosecute this action and Ford Credit is entitled to recover its attorneys' fees and costs as incurred.

### THIRD CLAIM FOR RELIEF
**(Possession of Personal Property against Bob Lewis Lincoln Mercury)**

29. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 28 above.

30. Under the Wholesale Agreement and the Security Agreement, Bob Lewis Lincoln Mercury granted to Ford Credit a security interest in the Collateral.

31. By reason of Bob Lewis Lincoln Mercury's defaults as alleged above and pursuant to the terms of the Wholesale Agreement at ¶9, and the terms of the Capital Loan Agreement at ¶7, Ford Credit is entitled to immediate possession of the Collateral in which Ford Credit holds a security interest.

32. Ford Credit has made lawful demand upon Bob Lewis Lincoln Mercury to assemble and deliver the Collateral to Ford Credit.

33. Despite Ford Credit's demand upon Bob Lewis Lincoln Mercury to assemble and deliver the Collateral, Bob Lewis Lincoln Mercury has failed and refused to deliver possession of the Collateral to Ford Credit. Bob Lewis Lincoln

Mercury remains in possession of the Collateral in defiance of Ford Credit's security interest and contractual rights to possession.

34. Ford Credit has inspected Bob Lewis Lincoln Mercury sales lot at 911 Capitol Expressway Auto Mall, San Jose, California 95136, and attests that the Collateral, including the vehicle inventory, is located and kept at this principal place of business.

35. As of June 15, 2007, the total value of the vehicle inventory subject to Ford Credit's security interest is approximately $2,287,804.15.

    a. The new vehicles are valued at Bob Lewis Lincoln Mercury's dealer invoice for the acquisition of the new vehicles at $2,181,193.18.

    b. The program vehicles are valued at 70% of the original floored balance at $54,828.90. The 70% of the original floored balance is based upon Ford Credit's experience in selling similar new and used motor vehicles.

    c. The used vehicles are valued at 70% of the original floored balance at $51,782.07. The 70% of the original floored balance is based upon Ford Credit's experience in selling similar new and used motor vehicles.

A schedule of the vehicle inventory including Ford Credit's valuation of each used motor vehicle by make, model, year, and vehicle identification number is attached hereto as Exhibit "F" and is incorporated by reference.

36. The parts, accessories, equipment, furniture and fixtures are valued at $298,350.00. Of that amount $139,358.00 is represented as the value of the parts. Ford Credit has adopted the value Bob Lewis Lincoln Mercury placed on these assets in its April 30, 2007 Dealer Financial Statement. A copy of the Dealer Financial Statement is attached hereto as Exhibit "G".

10872/0000/630871.1                     - 9 -                                    COMPLAINT
Ford Credit v. Lewis Family Enterprises, Inc.

37. While Ford Credit's Collateral has an estimated aggregate Vehicle Collateral and parts and accessories value of $2,427,162.15, it is owed the following principal amounts:

| | |
|---|---|
| Wholesale Loan Agreement | $2,333,494.56 |
| Capital Loan Agreement | $ 266,679.99 |
| Total | $2,600,174.55 |

38. Ford Credit is informed and believes and alleges that the Collateral in which Ford Credit has a security interest has not been taken for a tax, assessment or fine pursuant to statute, or seized under any execution against the property.

39. Ford Credit is prepared to file a bond to secure any writ issued in the sum of at least twice the fair market of the Collateral in which Ford Credit has an interest as required under California State law at California Code of Civil Procedure §515.010 unless the Court waives such bond under California Civil Code §515.010(b) because it finds that the Collateral is valued at less than the amount of the obligation owed to Ford Credit.

## FOURTH CLAIM FOR RELIEF
### (Specific Performance against Bob Lewis Lincoln Mercury)

40. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 39 above.

41. Ford Credit is authorized to demand that Bob Lewis Lincoln Mercury assemble the Collateral and make it available to Ford Credit at such place or places as Ford Credit shall reasonably request under ¶9 of the Wholesale Agreement.

42. Due to the defaults specified in the First Claim for Relief, Ford Credit has demanded that Bob Lewis Lincoln Mercury assemble the Collateral and make it available to Ford Credit.

43. Despite this demand, Bob Lewis Lincoln Mercury has failed, neglected and refused to turn over the Collateral to Ford Credit.

44. Ford Credit seeks specific performance of that portion of Bob Lewis Lincoln Mercury Security Agreements and the Wholesale Agreement that requires Bob Lewis Lincoln Mercury and its agents to assemble and deliver to Ford Credit all of the Collateral.

### FIFTH CLAIM FOR RELIEF
### (Injunctive Relief against Bob Lewis Lincoln Mercury)

45. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 44 above.

46. Bob Lewis Lincoln Mercury is in possession of the Collateral including proceeds, trade-ins and contract rights generated from the sale of Collateral. These proceeds are subject to Ford Credit's security interest and are cash collateral that can and should be used to repay Bob Lewis Lincoln Mercury's indebtedness to Ford Credit.

47. Bob Lewis Lincoln Mercury's wrongful conduct in failing to turn over to Ford Credit the Collateral, including, but not limited to, the proceeds, has caused and will continue to cause great and irreparable injury to Ford Credit unless and until Bob Lewis Lincoln Mercury is enjoined and restrained by order of this Court. Ford Credit is in danger of great and irreparable injury because Bob Lewis Lincoln Mercury's retention of the Collateral allows it to use Ford Credit's collateral for purposes other than repaying the obligations owed to Ford Credit. This practice results in a dissipation of the Collateral.

48. Because the motor vehicles in Bob Lewis Lincoln Mercury's possession are depreciating in value, Ford Credit suffers a corresponding depletion of the value of the Collateral available to repay Bob Lewis Lincoln Mercury obligations.

49. Ford Credit is also at risk because the vehicle inventory is rolling stock which can be easily removed from the business premises and hidden to prevent Ford Credit from recovering all or some of its Collateral.

50. Ford Credit has no adequate remedy at law for the injuries that it will suffer if Bob Lewis Lincoln Mercury retains the Collateral, including the motor vehicles and proceeds, in defiance of Ford Credit's rights. The solvency and ability of Bob Lewis Lincoln Mercury to pay damages is in grave doubt. It is impossible for Ford Credit to determine the precise amount of damages it will suffer if the Court does not restrain and enjoin Bob Lewis Lincoln Mercury's conduct.

51. Ford Credit seeks a temporary restraining order and preliminary injunction against Bob Lewis Lincoln Mercury to prohibit it and its agents, employees and other representatives from selling, diverting, commingling, removing from the premises, depositing, spending or otherwise disposing of any and all Collateral. The injunction should also prohibit Bob Lewis Lincoln Mercury from doing anything with the proceeds and other income that is generated from the use or misuse of the Collateral other than paying those funds over to Ford Credit or depositing those same funds into Court. Ford Credit also seeks an order enjoining Bob Lewis Lincoln Mercury from using the Collateral for any purpose except to preserve Ford Credit's interest in the Collateral and to return the Collateral to Ford Credit.

### SIXTH CLAIM FOR RELIEF
### (Breach of Guaranty Against Lewis)

52. Ford Credit hereby incorporates by reference as though fully set forth herein paragraphs 1 through 51 above.

53. Bob Lewis Lincoln Mercury defaulted on its obligations to Ford Credit under the Wholesale Agreement and Capital Loan Agreement as set forth above. Bob Lewis Lincoln Mercury's indebtedness to Ford Credit under its

Wholesale Agreement and is now due and payable in full. Bob Lewis Lincoln Mercury's indebtedness to Ford Credit under the Wholesale Agreement and Capital Loan Agreement are obligations of Lewis which is included within his Continuing Guarantees.

54.   As of June 15, 2007, Lewis owes Ford Credit the principal balance of $2,333,494.56 under his Guaranty with respect to the Wholesale Agreement obligation of Bob Lewis Lincoln Mercury and the principal balance of $266,679.99 with respect to the Capital Loan Agreement obligation of Bob Lewis Lincoln Mercury.

## PRAYER

WHEREFORE, Ford Credit prays judgment against the Defendant as follows:

1. Under the Wholesale Agreement for damages against Bob Lewis Lincoln Mercury in the principal sum of $2,333,494.56, with interest and other charges as allowed by contract;

2. Under the Capital Loan Agreement for damages against Bob Lewis Lincoln Mercury in the principal sum of $266,679.99, with interest and other charges as allowed by contract;

3. For an order directing the United States Marshal or other appropriate officer of the State of California to seize the Collateral as described above including the vehicles described on Exhibit "F" and other Collateral as described on Exhibit "G" pending a final judgment in this matter;

4. For a judgment against Defendant, Bob Lewis Lincoln Mercury, for possession of all of the Collateral that secures Ford Credit's loans and requiring Bob Lewis Lincoln Mercury to assemble and deliver the Collateral to Ford Credit;

5. For a temporary restraining order, preliminary injunction and permanent injunction, each prohibiting Bob Lewis Lincoln Mercury and its principals, agents, employees and other representatives from selling, diverting, removing from the premises, commingling, depositing, spending or otherwise disposing of any or all Collateral, and from doing anything with the proceeds of that Collateral and other income, other than paying the money over to Ford Credit or depositing it into this Court; and, further enjoining Bob Lewis Lincoln Mercury from using the Collateral for any purpose except to preserve Ford Credit's interest in said Collateral and/or to return it to Ford Credit;

6. Under the Continuing Guaranty for damages against Steven Robert Lewis in the principal sum of $2,600,174.55, with interest and other charges as allowed by contract;

7. For costs of suit herein;

8. For reasonable attorneys' fees; and,

9. For such other and further relief as to the Court may seem just.

DATED: June 19, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
    Donald H. Cram, III

Attorneys for Plaintiff
FORD MOTOR CREDIT COMPANY, LLC

## VERIFICATION

I, Phil Ward, declare and state as follows:

I am the Territory Sales Manager, Fresno, for Ford Motor Credit Company who is the plaintiff in this action. I am authorized to make this verification. I have read the foregoing document entitled COMPLAINT FOR: BREACH OF WHOLESALE AGREEMENT; BREACH OF WHOLESALE AGREEMENT; REPLEVIN; SPECIFIC PERFORMANCE; AND, INJUNCTIVE RELIEF and know its contents. I am informed and believe the matters stated therein to be true and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct. Executed this 8th day of June, 2007, at Fresno, California.

_____
Phil Ward

# ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED: June 19, 2007

SEVERSON & WERSON
A Professional Corporation

By: /s/ Donald H. Cram, III
      Donald H. Cram, III

Attorneys for Plaintiff
FORD MOTOR CREDIT COMPANY, LLC