DUANE M. GECK (State Bar No. 114823)
Email: dmg@severson.com
DAVID E. PINCH (State Bar No. 124851)
Email: dep@severson.com
DONALD H. CRAM, III (State Bar No. 160004)
Email: dhc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Plaintiff Ford Motor Credit Company, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual, <br><br> Defendants. | No.   C 07-03301 RS <br><br> **FORD CREDIT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR WRIT OF POSSESSION AND FOR TEMPORARY RESTRAINING ORDER** |

10872/0122/631936.1

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF FACTS ...................................................................... 2

    A.  Ford Credit Loan Agreements With Bob Lewis Lincoln Mercury ..... 2

    B.  Capital Loan Agreement ................................................................. 4

III.  GROUNDS FOR ISSUING ORDER FOR WRIT OF POSSESSION ........... 8

    A.  Ford Credit Is Entitled To A Writ Of Possession ................................ 8

        1.  Ford Credit Has Established The Probable Validity Of Its Claims To Possession Of The Collateral. ................................. 10

        2.  The Court May Issue An *Ex parte* Writ Of Possession........... 10

        3.  The Court Should Order Bob Lewis Lincoln Mercury To Turn Over The  Vehicles and Sales Income To Ford Credit........... 11

        4.  The Court Should Order a Preliminary Injunction to Protect the Collateral Pending Turnover or Seizure .......... 12

        5.  The Court should Order the Levying Officer to Enter Dealers' Business if Necessary to Recover the Property ........ 12

        6.  Any Re-Delivery Bond Should Be Set At The Full Value Of The Collateral. ............................................................ 13

    B.  Ford Credit Seeks A TRO And Preliminary Injunction If The Court Does Not Issue The Writ Of Possession ...................... 14

        1.  A Temporary Restraining Order Should Issue To Protect the Collateral. ................................................................. 15

        2.  Ford Credit Has Established Grounds For Issuance of a TRO. ................................................................................ 15

        3.  The TRO Must Contain Terms Which Protect Ford Credit's Interests In The Collateral. ................................ 16

    C.  Preliminary Injunction ...................................................................... 17

IV.  CONCLUSION .................................................................................. 19

# TABLE OF AUTHORITIES

Page(s)

*Federal Cases*

*America West Airlines, Inc. v. National Mediation Board,*
   119 F.3d 772 (9th Cir. 1997)................................................................19

*Arcamuzi v. Continental Air Lines, Inc.,*
   819 F.2d 935 (9th Cir. 1987)................................................................19

*Big Country Food, inc. v. Board of Educ. of Anchorage School Dist.,*
   868 F.2d 1085 (9th Cir. 1989)..............................................................18

*Los Angeles Memorial Coliseum v. National Football League,*
   634 F.2d 1197 (9th Cir. 1980)..............................................................19

*Schneider v. California Department of Corrections,*
   91 F. Supp. 1316 (N.D.Cal. 2000),.....................................................18

*Sierra On Line, Inc. v. Phoenix Software, Inc.,*
   739 F.2d 1415 (9th Cir. 1984).............................................................18

*State Cases*

*Blair v. Pitchess,*
   5 Cal. 3d 258 (1971).............................................................................9

*Sea Rail Truckloads, Inc. v. Pullman, Inc.,*
   131 Cal. App. 3d 511 (1982).................................................................8

*Symes Cadillac Inc. v. Insurance Co. of North America,*
   (1977) 66 Cal. App. 3d 905.................................................................13

*Walter International Corp. v. Khorsandi,*
   69 Cal. App. 4th 1261 (1999)................................................................8

*Statutes and Rules*

California Code of Civil Procedure

   §510.010   ..............................................................................................8

   § 511.010 ................................................................................ 2, 8, 15

   §511.090   ...........................................................................................10

   §512   ..................................................................................................13

   §512.010   .............................................................................................9

   §512.020   ...........................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

§512.060 ..................................................................................................13

§512.070 ...........................................................................................9, 11

§513.010 .................................................................................. 2, 9, 12, 15

§515.020 ..................................................................................................14

§526(a) ...............................................................................................2, 17

F.R.Civ.P. Rule 64 ............................................................................. 2, 8, 15

F.R.Civ.P. Rule 65 ..............................................................................2, 15

MEMORANDUM IN SUPPORT OF EX PARTE
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

# I.    INTRODUCTION

Plaintiff, Ford Motor Credit Company, ("Ford Credit") applies *ex parte* for a writ of possession to recover its collateral from defendant, Lewis Family Enterprises, Inc., dba Bob Lewis Lincoln Mercury, a California corporation, (hereinafter "Bob Lewis Lincoln Mercury").

Ford Credit has provided wholesale flooring financing to Bob Lewis Lincoln Mercury in its motor vehicle sales business.  This financing permitted Bob Lewis Lincoln Mercury to acquire inventories of new and used vehicles ("the Vehicles"). Ford Credit secured its flooring loans by, among other things, the Vehicles and other personal property such as parts, accessories, furniture, fixtures and equipment.

Bob Lewis Lincoln Mercury has defaulted on its vehicle wholesale financing contract and has refused to turn over the Vehicles and other secured collateral following Ford Credit's lawful demand.  Bob Lewis Lincoln Mercury is in default because it has sold inventory and has failed to pay off the related Ford Credit liens upon sale.  This practice is referred to as a "sales out of trust" or "SOT." In total, Bob Lewis Lincoln Mercury has sold several vehicles out of trust amounting to a $497,754.70 SOT balance.  The SOT is a conversion of  money held in trust for Ford Credit.

Through this Ex Parte Application Ford Credit seeks a Court order directing the United States Marshal for the Northern of California to recover the Vehicles and other collateral from Bob Lewis Lincoln Mercury and to deliver them to Ford Credit.

As is set forth in greater detail below and in the accompanying declaration of Phil Ward who is Ford Credit's Territory Sales Manager responsible for the Fresno Territory of the Western Region of Ford Credit, *ex parte* relief is necessary to obtain immediate possession of the vehicles to preserve the economic value of the

depreciating, saleable and moveable collateral. Bob Lewis Lincoln Mercury's total debt to Ford Credit stands in excess of $2,600,000.00; Bob Lewis Lincoln Mercury's dubious ability to pay is evident from its repeated sales out of trust. The vehicles may be Ford Credit's only repayment source. To mitigate its damages, Ford Credit must take affirmative steps to recover the vehicles; otherwise, it will be irreparably damaged through Bob Lewis Lincoln Mercury's conversion of the vehicles and the loss of the sales proceeds. For these reasons, Ford Credit moves that the Court grant its *ex parte* application for writ of possession under California Code of Civil Procedure ("CCP") § 511.010, *et seq*. as incorporated by F.R.Civ.P. Rule 64.

In addition, Ford Credit applies for injunctive relief under ("CCP") §513.010 and §526(a) as incorporated by F.R.Civ.P 65 respectively.

## II.    STATEMENT OF FACTS

Plaintiff Ford Credit is, and at all material times has been, a Delaware corporation, having its principal place of business in the State of Michigan. (Ward Decl. ¶3)

Bob Lewis Lincoln Mercury is a California corporation with its principal place of business in Plumas County at 911 Capitol Expressway Auto Mall, San Jose, California. (Ward Decl. ¶24).

### A.    Ford Credit Loan Agreements With Bob Lewis Lincoln Mercury

Ford Credit and Bob Lewis Lincoln Mercury entered into an agreement entitled Automotive Wholesale Plan for Wholesale Financing and Security Agreement dated December 12, 2003, ("Wholesale Agreement"). (Ward Decl. ¶4, Exhibit "A"). Under the Wholesale Agreement, Ford Credit provided Bob Lewis Lincoln Mercury inventory financing for the acquisition of new and used motor

1  vehicles for sale and lease through Bob Lewis Lincoln Mercury's retail

2  automotive sales business.

3       Under the Wholesale Agreement, Bob Lewis Lincoln Mercury granted Ford

4  Credit a security interest in all:

5         As security for all Advances now or hereafter made by Ford Credit
hereunder, and for the observance and performance of all other

6         obligations of Dealer to Ford Credit in connection with the
wholesale financing of Merchandise for Dealer, Dealer hereby

7         grants to Ford Credit a security interest in the  Merchandise
wherever located now owned or hereafter acquired by Dealer,

8         accessions thereto, accessories and replacement parts therefore, and
in the proceeds and products thereof in whatever form, of any sale

9         or other disposition of the Merchandise or other collateral, and in
accounts, instruments, chattel paper, general intangibles, contract

10        rights documents and supporting obligations arising from the
disposition of the Merchandise or other collateral; and Dealer

11        hereby assigns to Ford Credit, and grants to Ford Credit a security
interest in, all amounts that may now or hereafter be payable to

12        Dealer by the manufacturer, distributor or seller of any of the
Merchandise by way of rebate or refund of all or any portion of the

13        purchase price thereof.

14  (Ward Decl. ¶5, Exhibit "A").

15       On December 12, 2003, Bob Lewis Lincoln Mercury entered into a Security

16  Agreement with Ford Credit under which Bob Lewis Lincoln Mercury granted

17  Ford Credit a security agreement in :

18       a.  All equipment, fixtures, furniture, demonstrators and

19         service vehicles, supplies and machinery and other

20         goods of every kind.

21       b.  All motor vehicles, tractors, trailers, service parts and

22         accessories and other inventory of every kind and

23         accession thereto.

24       c. All accounts, instruments, chattel paper and general

       intangibles,   contract   rights,   documents   and

25         supporting obligations thereto.

26

27  (Ward Decl. ¶6, Exhibit "B").

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v.  Lewis Family Enterprises, Inc.*

### B.    Capital Loan Agreement

On or about January 13, 2004, Ford Credit and Bob Lewis Lincoln Mercury entered into a Master Loan and Security Agreement and Supplement thereto ("Capital Loan Agreement"). (Ward Decl. ¶7, Exhibit "C"). Under the Capital Loan Agreement, Ford Credit lent Bob Lewis Lincoln Mercury $800,000.00 to be repaid with interest as set forth in the agreement.

The Capital Loan Agreement includes a cross-default provision by which a default under any security document or other agreement between Bob Lewis Lincoln Mercury and Ford Credit is a default under the Capital Loan Agreement and Ford Credit is entitled to accelerate the loan balance that Bob Lewis Lincoln Mercury owes to it under that Capital Loan Agreement. (Ward Decl. ¶9).

Under the Capital Loan Agreement, Bob Lewis Lincoln Mercury granted Ford Credit a security interest in specific collateral. The collateral includes the vehicles identified in the Loan Agreement. The complete description of the collateral is as follows:

> The term "Collateral" shall mean, collectively, all of the personal property now owned or hereafter acquired by [Bob Lewis Lincoln Mercury], including without limitation (1) all equipment, fixtures, furniture, demonstrators and service vehicles, supplies and machinery and other goods of every kind, (2) all motor vehicles, tractors, trailers, implements, service parts and accessories and other inventory of every kind and an accessions thereto, (numbers (1) and (2) above collectively referred to as the Personalty") and (3) all accounts, instruments, chattel paper, general intangibles, contract rights documents and supporting obligations thereto (collectively, the "Intangibles").

(Ward Decl. ¶10).

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

1     The collateral identified under the Wholesale Agreement, the Security

2   Agreement, and the Loan Agreement is collectively referred to as the "Collateral".

3     Ford Credit perfected its security interests in the Collateral by filing a UCC-

4   1 financing statement with the Office of the Secretary of State of California on

5   October 28, 2003, as document number 0330360194. (Ward Decl. ¶12, Exhibit

6   "D").

7     All of the loan and security agreements identified above as Exhibits "A"

8   through "D", inclusive, are collectively referred to as the "Loan Documents".

9     Ford Credit has performed all conditions, covenants and promises required

10   of it in accordance with the terms and conditions of the Bob Lewis Lincoln

11   Mercury Loan Documents. (Ward Decl. ¶14). Bob Lewis Lincoln Mercury,

12   however, has defaulted on its obligations under the Wholesale Agreement. Bob

13   Lewis Lincoln Mercury has sold vehicles and failed to repay Ford Credit creating

14   the SOT condition. Bob Lewis Lincoln Mercury owes Ford Credit for principal,

15   interest and other charges constituting an SOT under the Wholesale Agreement in

16   the approximate sum of $497,754.70 as of June 13, 2007. (Ward Decl. ¶16). Ford

17   Credit did not know of this SOT balance until it conducted an audit of Bob Lewis

18   Lincoln Mercury's inventory and books on June 13, 2007. (Ward Decl. ¶16). A

19   copy of the spreadsheet that identifies each vehicle sold by vehicle sold, date of

20   sale, and balance owed is attached to the Declaration of Phil Ward as Exhibit "E".

21     As a result of these defaults and through this lawsuit, Ford Credit is

22   exercising its rights under its Security Agreements to accelerate the remainder of

23   the payments due for the financing of the vehicle inventory. This right is granted

24   to Ford Credit under the Capital Loan Agreement at ¶7(b)(1) which states: "Lender

25   may declare the unpaid portion of the indebtedness to be immediately due and

26   payable, without further notice or demand each of which is hereby expressly

27   waived by [Bob Lewis Lincoln Mercury]" and under the Wholesale Agreement at

28

1   ¶9(d) which provides: "Upon the occurrence of an Event of Default Ford Credit
2   may accelerate, and declare immediately due and payable, all or any part of the
3   unpaid balance and flat charges, without notice to anyone". (Ward Decl. ¶¶17, 22).

4   Ford Credit has demanded that Bob Lewis Lincoln Mercury pay the amounts
5   owing, but Bob Lewis Lincoln Mercury has failed and refused to make payment.
6   As of June 15, 2007, the total principal loan balance that Bob Lewis Lincoln
7   Mercury owes to Ford Credit under the Wholesale Agreement is $2,333,494.56
8   together with interest as provided under the Wholesale Agreement.   (Ward Decl.
9   ¶18).

10   Under the Capital Loan Agreement a default under any other agreement
11   between Ford Credit and Bob Lewis Lincoln Mercury is a default under the Capital
12   Loan Agreement.  As a result of Bob Lewis Lincoln Mercury's default, Ford Credit
13   elects to accelerate the balance that Bob Lewis Lincoln Mercury owes to it under
14   the Capital Loan Agreement. (Ward Decl. ¶19).

15   As of June 15, 2007, Bob Lewis Lincoln Mercury owes Ford Credit under
16   the Capital Loan Agreement the amount of $269,114.82.  Interest continues to
17   accrue at the rate stated in the Capital Loan Agreement. (Ward Decl. ¶20).

18   By reason of Bob Lewis Lincoln Mercury's defaults as alleged above and
19   pursuant to the terms of the Wholesale Agreement at ¶9(d) Ford Credit can demand
20   that Bob Lewis Lincoln Mercury assemble the Collateral and make it available to
21   Ford Credit at such place or places as Ford Credit shall reasonably request.  And
22   pursuant to the Capital Loan Agreement at ¶7(d), Ford Credit is entitled to
23   immediate possession of the Collateral in which Ford Credit holds a security
24   interest.   (Ward Decl. ¶22).

25   Ford Credit has made lawful demand upon Bob Lewis Lincoln Mercury to
26   assemble and deliver the Collateral to Ford Credit.  But despite Ford Credit's
27   demand upon Bob Lewis Lincoln Mercury to assemble and deliver the Collateral,

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

1  Bob Lewis Lincoln Mercury has failed and refused to deliver possession of the

2  Collateral to Ford Credit.  Bob Lewis Lincoln Mercury remains in possession of

3  the Collateral in defiance of Ford Credit's security interest and contractual rights to

4  possession.  Ford Credit has inspected the Bob Lewis Lincoln Mercury sales lot at

5  911 Capitol Expressway Auto Mall, San Jose, California and attests that the

6  Collateral, including the vehicle inventory is located and kept at Bob Lewis

7  Lincoln Mercury's principal place of business.  (Ward Decl. ¶¶23 - 25).

8       As of June 15, 2007, the total value of the vehicle inventory subject to Ford

9  Credit's security interest is approximately $2,287,804.15.  The new vehicles are

10  valued at Bob Lewis Lincoln Mercury's dealer invoice for the acquisition of the

11  new vehicles at $2,181,193.18.  The used vehicles are valued at 70% of the original

12  floored balance, at $106,610.97. The 70% of the original floored balance is based

13  upon Ford Credit's experience in selling similar new and used motor vehicles.  A

14  copy of the Ford Credit's valuation of each motor vehicle by make, model, year,

15  and vehicle identification number is attached to the Declaration of Phil Ward as

16  Exhibit "F". (Ward Decl. ¶26).

17       The parts, accessories, equipment, furniture and fixtures are valued at

18  $298,350.00.  Ford Credit has adopted Bob Lewis Lincoln Mercury's values for

19  these items from its own statement of dealer assets.  (Ward Decl. ¶27, Exhibit "G").

20       Ford Credit is informed and believes and alleges that the Collateral in which

21  Ford Credit has a security interest has not been taken for a tax, assessment or fine

22  pursuant to statute, or seized under any execution against the property.  (Ward

23  Decl. ¶29).

24       Bob Lewis Lincoln Mercury's wrongful conduct in failing to turn over to

25  Ford Credit the Collateral, including, but not limited to, the proceeds, has caused

26  and will continue to cause great and irreparable injury to Ford Credit unless and

27  until Bob Lewis Lincoln Mercury is enjoined and restrained by order of this Court.

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v.  Lewis Family Enterprises, Inc.*

1   This is because Bob Lewis Lincoln Mercury's retention of the Collateral allows it

2   to use Ford Credit's collateral for purposes other than repaying the obligations

3   owed to Ford Credit.  This results in a dissipation of the Collateral.  Because the

4   motor vehicles in Bob Lewis Lincoln Mercury's possession are depreciating in

5   value, Ford Credit suffers a corresponding depletion of the value of the security

6   available to repay the Bob Lewis Lincoln Mercury obligations.

7          Ford Credit is also at risk because the vehicle inventory is rolling stock

8   which can be easily removed from the business premises and hidden to prevent

9   Ford Credit from recovering all or some of its Collateral.

10         Ford Credit has no adequate remedy at law for the injuries that it will suffer

11  if Bob Lewis Lincoln Mercury retains the Collateral (including the motor vehicles

12  and proceeds) in defiance of Ford Credit's rights.  Because of the recent SOT

13  condition, the solvency and ability of Bob Lewis Lincoln Mercury to pay damages

14  is in grave doubt. It is not possible for Ford Credit to determine the precise amount

15  of damages it will suffer if the Court does not restrain and enjoin Bob Lewis

16  Lincoln Mercury's conduct.

17  **III.    GROUNDS FOR ISSUING ORDER FOR WRIT OF POSSESSION**

18

19  **A.     Ford Credit Is Entitled To A Writ Of Possession**

20         The procedure for the statutory provisional remedy of claim and delivery is

21  set forth in the California Code of Civil Procedure ("CCP") sections 511.010

22  through 516.050, made applicable through Rule 64 of the Federal Rule of Civil

23  Procedure.  Plaintiffs may assert the  remedy of claim and delivery to recover

24  possession of personal property pending the outcome of an action.  CCP §512.010;

25  *Sea Rail Truckloads, Inc. v. Pullman, Inc.,* 131 Cal.App.3d 511, 514-5 (1982).

26  Ownership is not the issue; the ultimate issue is the right to possession.  CCP

27  §510.010; *Walter International Corp. v. Khorsandi*, 69 Cal.App.4th 1261 (1999).

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v.  Lewis Family Enterprises, Inc.*

The Court should issue the order for writ of possession if Ford Credit establishes (1) the probable validity of its claim and (2) it files an undertaking equal to the defendants' economic interest in the collateral. The statutory elements for issuing the writ of possession are as follows:

- Plaintiff must show that it is entitled to possession of the property that is claimed. If the right to possession is contained in a written instrument, plaintiff must attach a copy of the instrument. CCP §512.010(b)(1).

- Plaintiff must show that the property is wrongfully detained by the defendant and the manner in which defendant came into possession of the property. CCP §512.010(b)(2).

- Plaintiff must describe in detail the property it seeks to recover and its current value. CCP §512.010(b)(3).

- Plaintiff must include a statement of the location of the property according to the plaintiff's best knowledge, information and belief. If the property or some part of it is within a private place, which may have to be entered to take possession, the application must include a showing that there is probable cause to believe that the property is located there. CCP §512.010(b)(4); *Blair v. Pitchess,* 5 Cal.3d 258, 274 (1971).

- Plaintiff must assert that the property has not been taken for a tax, assessment, or fine pursuant to a statute, and that it has not been seized under execution against plaintiff's property. CCP §512.010(b)(5).

At the hearing on the application for the writ of possession, the Court may also issue a preliminary injunction and turn over order to remain in effect until the property claimed is seized pursuant to a writ of possession. CCP §513.010(c) and CCP §512.070.

1
2
### 1.    Ford Credit Has Established The Probable Validity Of Its Claims To Possession Of The Collateral.

3    The requirement that the claim has "probable validity" before a writ may

4  issue is satisfied where it appears more likely than not that the plaintiff will obtain

5  a judgment against the defendant on that claim.  CCP §511.090.  Under this section

6  a plaintiff must establish a *prima facie* case for its claim to possession of the

7  property.  Ford Credit's declarations establish a strong claim for Ford Credit's

8  entitlement to possession of the Vehicles and other secure property.

9    Here, Bob Lewis Lincoln Mercury cannot dispute (1) that Ford Credit lent it

10  money; (2) that Bob Lewis Lincoln Mercury granted Ford Credit a security

11  agreement in the Collateral; and (3) that Bob Lewis Lincoln Mercury has defaulted

12  on its obligations to Ford Credit.  These facts establish Ford Credit's right to

13  possession of the Collateral.

14    Finally, the Writ of Possession is necessary to protect Ford Credit's interest

15  in the Collateral.  Due to Bob Lewis Lincoln Mercury's failure to make payment to

16  Ford Credit and failure to deliver the Collateral – despite lawful demand – the

17  simple passage of time diminishes the value of the Collateral.  The vehicles (which

18  make up the most significant part of the Collateral) are depreciating assets which

19  necessitate swift actions to preserve their worth, especially where the dealer has

20  been discovered to be selling vehicles at a fast pace without paying Ford Credit its

21  share to satisfy the inventory lien.

22
### 2.    The Court May Issue An *Ex parte* Writ Of Possession.
23
24  California law authorizes the Court to issue a writ of possession on an *ex*

25  *parte* basis if the defendant acquired possession of the property in the ordinary

  course of his trade or business for commercial purposes and:

26
27      i.    the property is not necessary for the support of the defendant or his family;

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v.  Lewis Family Enterprises, Inc.*

ii.    there is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed, or removed from the state[…]; and

iii.   the ex parte issuance is necessary to protect the property.

CCP §512.020(b)(3).

Here, the requirements of §512.020 are met. First, Bob Lewis Lincoln Mercury obtained the property in the ordinary course of business and not for personal or household purposes. Second, the vehicles are inherently mobile and subject to being moved. Bob Lewis Lincoln Mercury has already sold several vehicles out of trust and has used the sales proceeds for its own purposes without first paying its flooring lender as required under the Loan Documents. In addition, the simple passage of time diminishes the value of the vehicles. Immediate relief is necessary to protect Ford Credit's secured position.

### 3. The Court Should Order Bob Lewis Lincoln Mercury To Turn Over The Vehicles and Sales Income To Ford Credit.

California Code of Civil Procedure section 512.070 provides:

If a writ of possession is issued, the Court may also issue an order directing the defendant to transfer possession of the property to plaintiff. Such order shall contain a notice to the defendant that the failure to turn over possession of such property may subject the defendant to being held in contempt of court.

In addition to the above CCP Section entitling Ford Credit to an order for possession of property, the Loan Documents, themselves, require Bob Lewis Lincoln Mercury to assemble and deliver the Collateral to Ford Credit. Upon a default Ford Credit can demand that Bob Lewis Lincoln Mercury collect and assemble the Collateral:

At the request of Lender, Borrower shall assemble the Property and make it available to Lender at such place or

1   places as Lender may reasonably request. (Ward
2   Declaration, Exhibit A, at ¶9(d)).

3   Ford Credit's security interest in the vehicles and their proceeds is sufficient

4   grounds for ordering Bob Lewis Lincoln Mercury to turn over the sales proceeds as

5   well as the Collateral. Bob Lewis Lincoln Mercury has misappropriated Ford

6   Credit's funds when it refused to satisfy the inventory liens upon sale of inventory

7   collateral. Ford Credit respectfully moves the Court for an order requiring Bob

8   Lewis Lincoln Mercury to turn over all of the motor vehicles, their proceeds and all

9   other secured property to Ford Credit.

10

11   **4.    The Court Should Order a Preliminary Injunction to Protect the Collateral Pending Turnover or Seizure**

12

13   Ford Credit seeks a preliminary injunction directing Bob Lewis Lincoln

14   Mercury to protect and preserve its vehicles and other secure property pending

15   turnover or seizure.

16   California Code of Civil Procedure §513.010(c) provides:

17       [T]he court may issue a preliminary injunction to remain
         in effect until the property claimed is seized pursuant to
         the writ of possession.

18   This code section authorizes the Court to issue a preliminary injunction

19   against Bob Lewis Lincoln Mercury to prevent the Collateral "from being

20   transferred, concealed, or removed or becom[ing] substantially impaired in value"

21   until the property may be seized through the writ of possession. California Code of

22   Civil Procedure §513.010(b)(3). Ford Credit applies for this relief.

23

24   **5.    The Court should Order the Levying Officer to Enter Dealers' Business if Necessary to Recover the Property**

25

26   Ford Credit is entitled to an order permitting the U.S. Marshal to enter the

27   Bob Lewis Lincoln Mercury dealership – a private place – to recover possession of

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

1   its Collateral.  Ford Credit has this right under the applicable statute and as a

2   contract right.  Under CCP §512, the Court can permit a levying officer to enter a

3   private place if the creditor establishes probable cause that the property is there.

4

5      No writ directing the levying officer to enter a private
       place to take possession of any property shall be issued

6      unless the plaintiff has established that there is probable
       cause to believe that such property is located there.

7      CCP §512.060(b).

8      Ford Credit has established probable cause to believe that its Collateral is

9   most likely located at the Bob Lewis Lincoln Mercury dealership at 911 Capitol

10  Expressway Auto Mall, San Jose, California sales lot. (Ward, Decl. ¶25).

11     In addition to CCP §512.060(b), Bob Lewis Lincoln Mercury contracted to

12  allow Ford Credit access to Bob Lewis Lincoln Mercury's business premises for

13  repossession of the Vehicles.  The Wholesale Agreement provides that upon

14  default, Ford Credit may enter private places to repossess the Collateral:

15

16     Ford Credit shall have the right, and [Bob Lewis Lincoln
       Mercury] hereby authorizes and empowers Ford Credit,

17     its agents or representatives, to enter upon the premises
       wherever such property may be and remove same. (Ward

18     Decl., Exhibit A, Wholesale Agreement ¶ 9(d)).

19  Both the Code of Civil Procedure and the Wholesale Agreement provide authority

20  for Ford Credit or the levying officer to enter Bob Lewis Lincoln Mercury's

21  business locations.

22     **6.  Any Re-Delivery Bond Should Be Set At The Full
          Value Of The Collateral.**

23

24     The purpose of the bond requirement is "to indemnify the defendant against

25  the consequence of a taking that may later be adjudged to be wrongful." *Symes*

26  *Cadillac Inc. v. Insurance Co. of North America,* (1977) 66 Cal.App.3d 905, 909.

27

28

Under Code of Civil Procedure section 515.010, the plaintiff's undertaking for a writ of possession is merely required if the court finds that the debtor has a real economic interest in the property:

> CCP §515.010(b):  If the court finds that the defendant has no interest in the property the court shall waive the requirement of the plaintiff undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirement of subsection (b) of Section 515.020.

In this case, Bob Lewis Lincoln Mercury's actual interest in the Collateral is nonexistent, because its indebtedness to Ford Credit exceeds the value of the Collateral.  If the Court requires, however, Ford Credit is prepared to file a bond in the full amount of the Collateral's value to assure itself that any redelivery bond that might be posted by Bob Lewis Lincoln Mercury will be in an amount that will provide true protection to what is left of this creditor's diminished collateral position.  To permit redelivery on a bond worth less than the Collateral would be a serious injustice to Ford Credit, and it therefore requests that its own bond be at least equal to the value of the inventory to be seized.  As of June 15, 2007, the total value of the Collateral subject to Ford Credit's security interest is approximately $2,586,154.15.  (Ward Decl. ¶¶ 26-27, Exhibits "F & G").  The principal amounts owed to Ford Credit under the Wholesale Agreement and Capital Loan Agreement total $2,600,174.55. (Ward Decl. ¶ 28).

**B.     Ford Credit Seeks A TRO And Preliminary Injunction If The Court Does Not Issue The Writ Of Possession**

If the Court does not grant the Order for Writ of Possession, Bob Lewis Lincoln Mercury will continue to sell inventory out of Trust.  Ford Credit will lose both its security interest in the vehicles and in its cash collateral. Plaintiff respectfully moves the Court for a Temporary Restraining Order and Preliminary

-14-

Injunction to assure Bob Lewis Lincoln Mercury turnover of the cash collateral to Ford Credit.

### 1.    A Temporary Restraining Order Should Issue To Protect the Collateral.

The California Code of Civil Procedure sections 511.010 through 516.050, made applicable by Federal Rules of Civil Procedure 64 and 65. Section 513.010 provides that the Court may issue a temporary restraining order to protect the creditor's position pending a noticed claim and delivery hearing if the following are found:

1.    The plaintiff establishes the probable validity of his claim to possession of the properties;

2.    Plaintiff provides an undertaking or bond;

3.    The plaintiff establishes the probability that there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed or may become substantially impaired in value.  CCP §513.010(b).

### 2.    Ford Credit Has Established Grounds For Issuance of a TRO

As shown above, Ford Credit has established the probable validity of its claim.  Bob Lewis Lincoln Mercury is in default under the terms of the Wholesale Agreement, because of its SOT sales.

As long as Bob Lewis Lincoln Mercury can continue to sell vehicles SOT, Ford Credit's security interest is being irreparably harmed by the diversion or withholding of the sales proceeds necessary to satisfy their liens. The sales proceeds represent cash collateral which could easily be applied to Ford Credit's indebtedness to satisfy its obligations under the Security Agreements.

Injunctive relief is proper in this case because Ford Credit's security interest in the rental income is easily and quickly lost as Bob Lewis Lincoln Mercury can spend the sales proceeds for other purposes. At the same time, the Vehicles are depreciating in value. Bob Lewis Lincoln Mercury has already demonstrated their unwillingness to meet their contractual obligations by refusing to surrender the Vehicles and by creating the SOT condition. An injunction should issue requiring Bob Lewis Lincoln Mercury to turn over sales proceeds upon each sale of financed inventory.

### 3.    The TRO Must Contain Terms Which Protect Ford Credit's Interests In The Collateral.

Any TRO issued by the Court must require Bob Lewis Lincoln Mercury to protect Ford Credit's interest in the Collateral. This requires a turn over of all sales proceeds generated from the sale of vehicle inventory because this income is subject to Ford Credit's security interest ("Cash Collateral").

To protect the Cash Collateral, any injunctive relief must require Bob Lewis Lincoln Mercury to prepare a weekly accounting of all income generated by sale or lease of vehicles reasonably sufficient to permit Ford Credit to determine compliance with the accounting. Ford Credit requests a reasonable accounting to be delivered to Ford Credit each Tuesday, accounting for the week ended Saturday.

In order to protect Ford Credit's interest in the Collateral, Bob Lewis Lincoln Mercury must permit Ford Credit and its authorized agents and employees to enter upon their lots during normal business operating hours. Ford Credit seeks an order permitting it to review the cash receipts journals and bank statements on a daily basis.

In order to assure proper accounting of all income, any TRO must require Bob Lewis Lincoln Mercury to keep current all of its books, records and accounts. Ford Credit or any person designated by Ford Credit should be permitted to

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

examine Dealers' business premises and records and to copy any and all books and records, including but not limited to any computer software and hardware and other accounting programs of Bob Lewis Lincoln Mercury.  Ford Credit should be permitted access for inspection of records, including but not limited to daily rental contracts, lessee agings, monthly receivable agings, collateral maintenance records, proof of insurance, proof of licensing, proof of payment of all applicable taxes, and all other records reasonably requested by Ford Credit.  Ford Credit is entitled to this inspection under the Wholesale Agreement.

The requested injunctive relief prohibits Bob Lewis Lincoln Mercury's further diversion of the sales proceeds constituting Ford Credit's Cash Collateral. The injunctive relief directs Bob Lewis Lincoln Mercury to turn over the sales proceeds and to pay its monthly obligations under the Wholesale Agreement and begin repayment of SOT default.

Ford Credit has shown the probable validity of its claims and the immediate danger that Bob Lewis Lincoln Mercury may continue to sell Vehicles to consumers without delivering the proceeds of such sales to Ford Credit.

### C.    Preliminary Injunction

Should the Court decide not to grant an order for writ of possession on an *ex parte* basis, and further declines to issue such an order after hearing, Ford Credit applies for injunctive relief to protect its interest in the Collateral during the pendency of this lawsuit. California Code of Civil Procedure § 526(a) permits a plaintiff to seek an injunction:

> (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.
>
> (2) When it appears by the complaint or affidavits that the commission or continuance of some act during the

1                litigation would produce waste, or great and irreparable
2                injury, to a party to the action.

3          Because Bob Lewis Lincoln Mercury has failed to make payments when due

4 beginning in August, 2006, and because it has sold Vehicles out-of-trust, Bob

5 Lewis Lincoln Mercury is in default under the terms of its Wholesale Agreement

6 with Ford Credit. The principal indebtedness owed under the Wholesale

7 Agreement and the Capital Loan Agreement is $2,600,174.55. Bob Lewis Lincoln

8 Mercury has sold several vehicles without paying the amounts due and owing to

9 Ford Credit – equal to $497,754.70. If the Court does not issue injunctive relief,

10 Ford Credit is in danger of having its secured position seriously diminished related

11 to Bob Lewis Lincoln Mercury's indebtedness. Despite demand for payment and

12 for turnover of the remaining Collateral, Bob Lewis Lincoln Mercury has failed

13 and refused to either submit payment or surrender the Vehicles and other secured

14 property. Bob Lewis Lincoln Mercury's default under its agreements, its failure to

15 keep accurate and current books and records, and its actions subsequent to that

16 default, has and will continue produce a great and irreparable injury to Ford Credit

17 if injunctive relief is not granted.

18

19          Similar standards for issuance of injunctive relief are required by federal law.

20 A preliminary injunction is a provisional remedy, the purpose of which is to

21 preserve status quo and to prevent irreparable loss of rights prior to final

22 disposition of the litigation. *Sierra On Line, Inc. v. Phoenix Software, Inc.* 739

23 F.2d 1415, 1422 (9th Cir. 1984). The trial court may grant a temporary restraining

24 order or preliminary injunction, in the exercise of its discretion, through its

25 equitable powers. See *Schneider v. California Department of Corrections,* 91

26 F.Supp 1316, 1327 (N.D.Cal. 2000), *citing, Big Country Food, inc. v. Board of*

27 *Educ. of Anchorage School Dist.,* 868 F.2d 1085, 1087 (9th Cir. 1989).

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Generally, to obtain preliminary injunctive relief, a moving party must show a threat of irreparable injury and the inadequacy of legal remedies as the conventional requisites for equitable relief. *See Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir. 1987).   In addition, the issuance of preliminary injunctive relief rests upon consideration of four factors: [1] the likelihood of the plaintiffs' success on the merits; [2] the threat of irreparable harm to the plaintiffs if the injunction is not imposed; [3] the relative balance of this harm to the plaintiffs and the harm to the defendants if the injunction is imposed; and [4] the public interest. *Los Angeles Memorial Coliseum v. National Football League,* 634 F.2d 1197, 1200-01 (9th Cir. 1980).

The Ninth Circuit has encompassed these factors into a two-prong test. To qualify for preliminary injunctive relief, the moving party must show either [1] a likelihood of success on the merits and the possibility of irreparable injury, or [2] that serious questions going to the merits were raised and the balance of hardships tips sharply in the moving party's favor. See *Schneider,* at 1327. "These two formulations represent a continuum in which the required degree of irreparable harm increases as the probability of success decreases." *America West Airlines, Inc. v. National Mediation Board,* 119 F.3d 772, 777 (9th Cir. 1997) (noting that the greater the moving party's relative hardship, the less probability of success must be shown).

For all the reasons set forth above in support of the issuance of a TRO and writ of possession, Ford Credit satisfies the requirements for injunctive relief.

## IV.    CONCLUSION

Ford Credit respectfully requests that the court issue an Order for Writ of Possession and that it issue a temporary restraining order and other injunctive relief

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v. Lewis Family Enterprises, Inc.*

to restrain Bob Lewis Lincoln Mercury, its officers, employees, and agents from continuing to use and profit from Ford Credit's collateral.

DATED: June 26, 2007

                                         SEVERSON & WERSON
                                         A Professional Corporation

                                         By: _____
                                                 Donald H. Cram, III

                                         Attorneys for Plaintiff
                                         FORD MOTOR CREDIT COMPANY, LLC

1

2

## ATTESTATION

3

4    I hereby attest that I have on file all holograph signatures for any signatures

5    indicated by a "conformed" signature (/S/) within this efiled document.

6    DATED:  June 26 , 2007                SEVERSON & WERSON
                                          A Professional Corporation
7

8                                         By: _____
                                                 Donald H. Cram, III
9

10                                        Attorneys for Plaintiff
                                          FORD MOTOR CREDIT COMPANY,
11                                        LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF *EX PARTE*
APPLICATION FOR WRIT OF POSSESSION
*Ford Credit v.  Lewis Family Enterprises, Inc.*