DAVID J. STOCK (SBN 85655)
MICHELLE C. TING (SBN 228963)
**RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK**
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: (408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendants
LEWIS FAMILY ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company,

Plaintiff,

vs.

LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual,

Defendants.

Case No.: C 07-03301 JW

**DEFENDANTS' NOTICE OF APPLICATION AND APPLICATION TO SET ASIDE CLERK'S ENTRIES OF DEFAULT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[FED. R. CIV. PROC. 55(c)]**

Hearing Date: October 15, 2007
Hearing Time: 9:00 a.m.
Courtroom: 8, 4th Floor
Judge: Honorable James Ware

## I. NOTICE OF APPLICATION

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2007, at 9:00 a.m. in Department 8 on the fourth floor of the above-named Court located at 280 South 1st, San Jose, California, Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS ("Defendants") will and hereby does move the Court for an order setting aside the defaults entered by the Clerk against Defendants on August 1, 2007, pursuant to Fed. R. Civ. Proc. 55(c).

This application is made on the grounds that Defendants' failure to answer the

complaint of Plaintiff FORD MOTOR CREDIT COMPANY, LLC ("Plaintiff") resulted from Defendants' excusable neglect. This application is based on this notice, the memorandum of points and authorities herein, the declaration of Steven Robert Lewis, the declaration of David J. Stock, the declaration of Michelle C. Ting, and upon such other matters as may be presented to the Court at the time of the hearing.

## II. RELIEF SOUGHT BY DEFENDANTS

Defendants bring forth the instant application pursuant to Fed. R. Civ. Proc. 55(c) seeking to set aside the defaults entered by the Clerk on August 1, 2007, based on Defendants' excusable neglect as detailed herein.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

For all relevant periods of time specified herein, Defendants owned and operated a Ford Lincoln Mercury franchise/dealership located at 911 Capitol Expressway Auto Mall, San Jose, California (the "dealership"). Declaration of Steven Robert Lewis ("Lewis Declaration") at ¶¶ 1-2. The dealership purchased its inventory of Ford automobiles with financing provided by Plaintiff to Defendant Lewis Family Enterprises, Inc. (the "corporation"). Id. at ¶ 3. Defendants however became indebted to Plaintiff for various monetary sums so advanced, and was in the process of repaying the amounts owed to Plaintiff. Id.

Beginning in or about June 2007, the corporation commenced buy-sell negotiations with Ford Dealer Development, which is operated by Ford Motor Company (the parent company of Plaintiff), for the sale of the dealership. Id. at ¶ 4. Under the terms of the buy-sell, Ford Dealer Development would acquire all of the dealership's inventory, and remit the inventory in partial settlement of the debt owed by the corporation to Plaintiff. Id. at ¶ 5. The corporation would then satisfy the remaining balance of the debt from the sales proceeds realized by the corporation upon the sale of the dealership, or would negotiate with Plaintiff for a final settlement sum or for a debt repayment plan. Id. Plaintiff, as a debt holder, was advised of and aware of the corporation's buy-sell

negotiations with Ford Dealer Development, and was also aware of and in agreement with the manner in which it would be repaid upon the successful negotiation of the buy-sell agreement. *See* Id.

Despite its knowledge that the debt would be satisfied upon the successful negotiation of the buy-sell agreement, Plaintiff nonetheless commenced the above-entitled proceedings on June 26, 2007, and additionally filed an ex parte application for writ of possession and temporary restraining order on June 26, 2007. Id. at ¶¶ 6-7. Consequently, Defendant Steven Robert Lewis ("Plaintiff") contacted Phil Ward, a Territory Sales Manger for Plaintiff, to understand why legal proceedings had been commenced despite the corporation's ongoing negotiations with Ford Dealer Development for the sale of the dealership. Id. at ¶ 9. Based on Defendant Lewis's conversation with Mr. Ward, Defendant Lewis understood that he did not need to answer the ex parte application or oppose the writ of possession because Plaintiff would stand-down in light of the ongoing buy-sell negotiations. Id. at ¶ 10. Defendants understood that Plaintiff had simply commenced the underlying proceedings to get its ducks in a row or, in other words, was simply commencing preliminary procedures to secure the repayment of the debt owed by the corporation in the event that the buy-sell agreement was not consummated. Id. at ¶ 10.

On or about August 1, 2007, the Clerk entered defaults against each of the defendants, and thereafter, on August 3, 2007, the Court entered an order for writ of possession. Id. at ¶¶ 10-11. Despite Defendants knowledge of these proceedings, the continued understanding was that the underlying action would be dismissed and the debt ultimately settlement upon the conclusion of the buy-sell. Id. at ¶ 11. Accordingly, on August 8, 2007, defense counsel wrote to Plaintiff's counsel to confirm Defendants' understanding that Plaintiff would take no further action as to the defaults entered by the Clerk or the order for writ of possession given the impending sale of the dealership. Declaration of David J. Stock at ¶ 2. However, in response to defense counsel's letter, Plaintiff's counsel indicated that no such agreement had been reached. Id. at ¶ 3.

Shortly thereafter, the buy-sell negotiations subsequently terminated as Ford Dealer Development was no longer interested in the purchasing the dealership. Lewis Declaration at ¶ 12. The corporation thereafter terminated/resigned the franchise (dealership) to Ford Motor Company. Id. Under the terms of the resignation, Ford Motor Company would purchase the assets of the dealership, and turn the inventory over to or remit the value thereof to Plaintiff in partial satisfaction of the corporation's outstanding debt. Id. Despite its knowledge of the corporation's termination of the franchise and that it would ultimately receive the value of the dealership's inventory, Plaintiff nonetheless proceeded to execute on the writ of possession. Id. at ¶¶ 12-13.

Because Defendants believed that the corporation's obligations to Plaintiff would be settled or negotiated upon the sale of the dealership, Defendants did not give due attention to the entries of default entered by the Court. Id. at ¶ 14. Following the corporation's termination/resignation of the dealership, defense counsel contacted Plaintiff's counsel to request that Plaintiff stipulate to setting aside the Clerk's entry of default, which request was rejected by Plaintiff. Declaration of Michelle C. Ting at ¶¶ 3-4.

Consequently, Defendants bring forth the instant application based on excusable neglect, or based on Defendants' justifiable understanding that the outstanding debt owed by the corporation would be negotiated or settled upon the sale of the dealership to Ford Dealer Development. *See* Lewis Declaration. Therefore, Defendants respectfully request that the Court set aside the Clerk's entries of default, and permit Defendants to file an answer to the Complaint. *See* proposed Answer of Defendants, attached as Exhibit A to the Lewis Declaration.

**B. The Court may set aside the Clerk's entries of default against Defendants.**

Fed. R. Civ. Proc. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." The Ninth Circuit has held that the "good cause" standard, which governs vacating an entry of default under Rule 55(c), is the "same standard that governs vacating a default judgment under Rule 60(b)." *See* Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). Accordingly, the

Court may set aside the Clerk's entries of default against Defendants upon a showing of "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. Proc. 60(b).

**C. The setting aside of the defaults entered against Defendants in the instant case is warranted based on Defendants' excusable neglect.**

In considering whether to set aside an entry of default on the grounds of excusable neglect, three factors inform the Court's exercise of discretion: "(1) whether the defendant's culpable conduct led to the default"; (2) "whether the defendant has a meritorious defense"; and (3) whether the plaintiff will be prejudiced. *See* Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 1000 (9th Cir. 2007) (pertaining to the setting aside of a default judgment under Fed. R. Civ. Proc. 60(b)); *see also* Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988) (pertaining to Fed. R. Civ. Proc. 60(b)). This tripartite test is disjunctive. Cassidy, supra, 856 F.2d at 1415. Hence, a finding that Plaintiff will not be prejudiced, *or* that Defendants have a meritorious defense in the underlying action, *or* that the conduct of Defendants did not prompt the default is sufficient for the Court to set aside the entries of default in this action. *See*, e.g., Id.

**1. Defendants' conduct did not lead to the defaults entered in this action.**

An entry of default will be set aside where the default does not result from the defendant's "culpable conduct," or where there is "no explanation for the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *See* Employee Painters' Trust, supra, 480 F.3d 1000. Such a deliberate failure cannot be found in the instant case. To the contrary, Defendants' failure to answer the complaint in this action resulted solely from a justifiable understanding and belief that Plaintiff had agreed to forebear from exercising its rights during the pendency of the buy-sell negotiations between the corporation and Ford Dealer Development for the sale of the dealership. Defendants fully expected the sale to consummate, and anticipated that a substantial portion of the debt owed to Plaintiff would be satisfied upon the sale of the dealership to Ford Dealer Development, the parent company of Plaintiff; and that the remaining balance of the debt would be satisfied from the sales proceeds or negotiated.

In addition, based on Defendant Lewis's conversations with Mr. Ward, a representative of Plaintiff, Defendants were also of the understanding that no action would be taken by Plaintiff pending the execution of the buy-sell agreement. However, Plaintiff nonetheless secured entries of default against Defendants. Moreover, even after the corporation had terminated/resigned the dealership and even after Plaintiff was assured of its interest in the dealership's inventory, Plaintiff still proceeded to execute on the writ of possession. In short, Defendants' failure to respond to the complaint in this action resulted solely from excusable neglect based on Defendants' good faith belief that no action was required in light of the ongoing negotiations for the sale of the dealership to Ford Dealer Development.

**2. Plaintiff will not be prejudiced by the Court's setting aside of the defaults in this action.**

Plaintiff will face no prejudice in the instant action if the Court sets aside the entries of default against Defendants in this action. The Clerk's entries of default in this action were taken on August 1, 2007, and Defendants have not delayed in seeking to set aside the defaults. In addition, Plaintiff's interest in the dealership's inventory has been secured by the corporation's termination/resignation of the franchise to Ford Motor Company. Consequently, by enabling Defendants to file an answer in this action, Plaintiff will suffer no associated or undue prejudice.

**3. Defendants have a meritorious defense in the instant action.**

As set forth in the proposed answer to the complaint (Exhibit A to the Lewis Declaration), Defendants have valid grounds for defending the action brought by Plaintiff, including both equitable principles and the defense that Plaintiff orally agreed to the modification of the agreements at issue.

## IV. CONCLUSION

In light of the foregoing, and because "'excusable neglect' is liberally construed," Defendants respectfully request that the Court set aside the Clerk's entries of default in this action, and permit Defendants to file an answer to the complaint in this action.

*See* In re Magouirk, 693 F.2d 948, 951 (9th Cir. 1982) (pertaining to Fed. R. Civ. Proc. 60(b)).

Respectfully submitted,

Dated: September 7, 2007

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: ______________________
David J. Stock, Attorneys for for Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS