1  DAVID J. STOCK (SBN 85655)
   MICHELLE C. TING (SBN 228963)
2  **RANKIN, LANDSNESS, LAHDE,**
   **SERVERIAN & STOCK**
3  96 North Third Street, Suite 500
   San Jose, California  95112
4  Telephone:  (408) 293-0463
   Facsimile:  (408) 293-9514
5
6  Attorneys for Defendants
   LEWIS FAMILY ENTERPRISES, INC. and
7  STEVEN ROBERT LEWIS

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  FORD MOTOR CREDIT COMPANY,          )   Case No.:  C 07-03301 JW
    LLC, a Delaware Limited Liability   )
12  Company,                            )   **DECLARATION OF STEVEN ROBERT**
                                        )   **LEWIS IN SUPPORT OF DEFENDANTS'**
13              Plaintiff,              )   **APPLICATION TO SET ASIDE CLERK'S**
                                        )   **ENTRIES OF DEFAULT**
14  vs.                                 )
                                        )
15  LEWIS FAMILY ENTERPRISES,           )   Hearing Date:  October 15, 2007
    INC., dba BOB LEWIS LINCOLN         )   Hearing Time:  9:00 a.m.
16  MERCURY, a California corporation,  )   Courtroom:      8, 4th Floor
    and STEVEN ROBERT LEWIS, an         )   Judge:          Honorable James Ware
17  individual,                         )
                                        )
18              Defendants.             )
                                        )
19  _____    )

20       I, Steven Robert Lewis, hereby declare as follows:

21       1.      I am the individual defendant named in the above-entitled action, and am the

22  president of Defendant Lewis Family Enterprises, Inc., a California corporation (the

23  corporation").

24       2.      The corporation owned and operated a Ford Lincoln Mercury

25  franchise/dealership located at 911 Capitol Expressway Auto Mall, San Jose, California

26  (the "dealership").

27       3.      Plaintiff Ford Motor Credit Company, LLC ("Plaintiff") advanced monetary

28  sums to the corporation to assist in its purchase of Ford automobiles for sale by the

1 dealership.  Prior to Plaintiff's commencement of the underlying action, the corporation

2 became indebted to Plaintiff for various monetary sums so advanced.  However, the

3 corporation was in the process of repaying its debt to Plaintiff, and had accordingly

4 reduced the amount of the debt outstanding.

5        4.      Beginning in or about June 2007, the corporation and Ford Dealer

6 Development, which is operated by Ford Motor Company (the parent company of

7 Plaintiff), commenced buy-sell negotiations for the purchase of the dealership by the

8 latter.  (Plaintiff is a wholly owned subsidiary of Ford Motor Company.)

9        5.      I was of the understanding that Ford Dealer Development would acquire all of

10 the dealership's inventory (including the automobiles purchased by the corporation with

11 the financing provided by Plaintiff) at the successful conclusion of the buy-sell

12 negotiations, and would thereafter remit the value of the inventory so acquired to Plaintiff

13 in partial settlement of the debt owed by the corporation.  I further understood that any

14 remaining deficiency would be satisfied from the sales proceeds realized by the

15 corporation upon the sale of the dealership to Ford Dealer Development, or that a final

16 payoff amount (or payment plan) would be negotiated with Plaintiff following the

17 conclusion of the buy-sell.  Because Plaintiff was aware of the corporation's buy-sell

18 discussions with Ford Dealer Development, I understood Plaintiff to be in agreement with

19 this arrangement for the repayment of the debt outstanding.

20        6.      Nevertheless, on June 22, 2007, Plaintiff filed a Complaint for:  (1) Breach of

21 Wholesale Agreement; (2) Breach of Capital Loan Agreement; (3) Replevin; (4) Specific

22 Performance; (5) Injunctive Relief; and (6) Breach of Guaranty (the "complaint").  On June

23 25, 2007, the corporation was served with a summons and the complaint by substituted

24 service.  Thereafter, on June 26, 2007, I was personally served with a summons and the

25 complaint.

26        7.      On June 26, 2007, Plaintiff additionally filed an ex parte application for writ of

27 possession and for a temporary restraining order.  I received notice of the ex parte

28 application by telephone and by electronic mail.

8.      I immediately contacted my then-counsel, Gary S. Vandeweghe, Esq., and discovered that he was out of the country.  Both Plaintiff and the Court were advised of his absence and unavailability.

9.      To ascertain why Plaintiff had commenced legal proceedings despite its awareness of the corporation's continuing buy-sell negotiations with Ford Dealer Development, I contacted Phil Ward, a Territory Sales Manager for Plaintiff.  In response thereto, Mr. Ward essentially indicated that Plaintiff was getting its ducks in a row or commencing preliminary procedures to secure the repayment of the debt owed by the corporation.  Based on my conversation with Mr. Ward, it was my belief that I did not need to answer the complaint or oppose the ex parte application as Plaintiff had agreed to stand-down in light of the corporation's continuing buy-sell negotiations with Ford Dealer Development.

10.     On or about August 1, 2007, the Court Clerk entered my default and the default of the corporation.

11.     On or about August 3, 2007, the corporation and I were served with an order for writ of possession.  Despite having received this order, I was of the continuing belief that the underlying action would be dismissed upon the completion of the buy-sell agreement, as the outstanding debt would substantially be satisfied, and that the remaining balance would either be repaid by the corporation from the proceeds of the sale or negotiated with Plaintiff.

12.     However, shortly thereafter, the corporation's negotiations with Ford Dealer Development reached an impasse, and no further discussions were had.  In short, Ford Dealer Development was no longer interested in purchasing the dealership.  The corporation thereafter terminated/resigned the franchise (the dealership) to Ford Motor Company.  I notified Plaintiff of the termination.  Under the terms of the termination of the franchise, Ford Motor Company would purchase the assets of the dealership (including the dealership's vehicles and other inventory), and would turn over the inventory and/or payments therefor to Plaintiff in partial settlement of the corporation's outstanding debt.

1    13.    Despite its knowledge that the outstanding debt owed by the corporation
2  would be substantially settled by Ford Motor Company in light of the corporation's
3  termination of the franchise, Plaintiff nonetheless proceeded to execute on the order for
4  possession.

5    14.    Based on my belief that the corporation's obligations to Plaintiff would be
6  negotiated or settled shortly following Ford Dealer Development's purchase of the
7  dealership, I understood that Plaintiff would dismiss the legal suit that it had brought
8  against the corporation and me. Therefore, I failed to give due attention to the Clerk's
9  entries of default against the corporation and me.

10    15.    Attached hereto as Exhibit A and incorporated herein by this reference is a
11  copy of the proposed Answer of Defendants Lewis Family Enterprises, Inc. and Steven
12  Robert Lewis to the complaint.

13    I declare under penalty of perjury under the laws of the United States and of the
14  State of California that the foregoing is true and correct. Executed this ___7th___ day of
15  September 2007 at Monte Sereno, California.

16
17
18                                                              _____
19                                                                Steven Robert Lewis
20
21
22
23
24
25
26
27
28

# Exhibit A

DAVID J. STOCK (SBN 85655)
MICHELLE C. TING (SBN 228963)
**RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK**
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: (408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendants
LEWIS FAMILY ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual, <br><br> Defendants. <br> _____ | Case No.: C 07-03301 JW <br><br> **ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND DEMAND FOR JURY TRIAL** |

Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS

(individually, "Defendant Bob Lewis Lincoln Mercury" and "Defendant Lewis"; collectively,

"Defendants") answer Plaintiff FORD MOTOR CREDIT COMPANY, LLC's ("Plaintiff's")

Complaint for: (1) Breach of Wholesale Agreement; (2) Breach of Capital Loan

Agreement; (3) Replevin; (4) Specific Performance; (5) Injunctive Relief; (6) Breach of

Guaranty (the "Complaint") as follows:

      1.    In answer to paragraph 1 of the Complaint, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and on that basis deny each and every allegation contained therein.

2.     In answer to paragraph 2 of the Complaint, Defendants admit all allegations therein.

3.     In answer to paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4.     In answer to paragraph 4 of the Complaint, Defendants admit all allegations therein.

5.     In answer to paragraph 5 of the Complaint, Defendants admit that Defendant Lewis is an individual who is a citizen of the State of California and a resident of Santa Clara County.  Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

6.     In answer to paragraph 6 of the Complaint, Defendants admit that Plaintiff and Defendant Bob Lewis Lincoln Mercury entered into an agreement titled Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement and that under said agreement Plaintiff provided Defendant Bob Lewis Lincoln Mercury financing. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

7.     In answer to paragraph 7 of the Complaint, Defendants admit all allegations therein.

8.     In answer to paragraph 8 of the Complaint, Defendants admit all allegations therein.

9.     In answer to paragraph 9 of the Complaint, Defendants admit all allegations therein.

10.    In answer to paragraph 10 of the Complaint, Defendants admit all allegations therein.

11.    In answer to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained

1  therein.

2       12.    In answer to paragraph 12 of the Complaint, Defendants admit that under

3  the Master Loan and Security Agreement Defendant Bob Lewis Lincoln Mercury granted

4  Plaintiff a security interest in the "Collateral" as defined in said agreement.  Except as so

5  admitted, Defendants deny each and every allegation contained in said paragraph.

6       13.    In answer to paragraph 13 of the Complaint, Defendants maintain that there

7  are no charging allegations therein.

8       14.    In answer to paragraph 14 of the Complaint, Defendants are without

9  sufficient knowledge or information to form a belief as to the truth of the allegations

10  contained in said paragraph, and on that basis deny each and every allegation contained

11  therein.

12       15.    In answer to paragraph 15 of the Complaint, Defendants maintain that there

13  are no charging allegations therein.

14       16.    In answer to paragraph 16 of the Complaint, Defendants admit that

15  Defendant Lewis executed and delivered to Plaintiff a Continuing Guaranty.  Except as so

16  admitted, Defendants deny each and every allegation contained in said paragraph.

17       17.    In answer to paragraph 17 of the Complaint, Defendants maintain that there

18  are no charging allegations therein.

19       18.    In answer to paragraph 18 of the Complaint, Defendants incorporate by

20  reference each and every denial, defense, or objection contained in Defendants' answer

21  to paragraphs 1 through 17 to the same extent that Plaintiff has incorporated the

22  allegations of paragraphs 1 through 17 of the Complaint by paragraph 18 of the

23  Complaint.

24       19.    In answer to paragraph 19 of the Complaint, Defendants deny each and

25  every allegation contained in said paragraph.

26       20.    In answer to paragraph 20 of the Complaint, Defendants admit that Plaintiff

27  conducted an audit of the inventory and accounts of Defendant Bob Lewis Lincoln

28  Mercury, and admit that Defendant Bob Lewis Lincoln Mercury sold vehicles and failed to

1 repay Plaintiff the amounts advanced to Defendant Bob Lewis Lincoln Mercury thus

2 creating a sales out of trust or "SOT" condition.  Except as so admitted, Defendants deny

3 each and every allegation contained in said paragraph.

4       21.    In answer to paragraph 21 of the Complaint, Defendants admit that Plaintiff

5 conducted an audit.  Except as so admitted, Defendants are without sufficient knowledge

6 or information to form a belief as to the truth of the remaining allegations contained in said

7 paragraph, and on that basis deny each and every remaining allegation contained therein.

8       22.    In answer to paragraph 22 of the Complaint, Defendants are without

9 sufficient knowledge or information to form a belief as to the truth of the allegations

10 contained in said paragraph, and on that basis deny each and every allegations contained

11 therein.

12       23.    In answer to paragraph 23 of the Complaint, Defendants deny that Plaintiff

13 has demanded that Defendant Bob Lewis Lincoln Mercury pay the "amounts owing," and

14 further deny that Defendant Bob Lewis Lincoln Mercury has failed and refused to pay the

15 amounts now due.  Defendants are without sufficient knowledge or information to form a

16 belief as to the truth of the remaining allegations contained in said paragraph, and on that

17 basis deny each and every remaining allegation contained therein.

18       24.    In answer to paragraph 24 of the Complaint, Defendants deny each and

19 every allegation contained in said paragraph.

20       25.    In answer to paragraph 25 of the Complaint, Defendants incorporate by

21 reference each and every denial, defense, or objection contained in Defendants' answer

22 to paragraphs 1 through 24 to the same extent that Plaintiff has incorporated the

23 allegations of paragraphs 1 through 24 of the Complaint by paragraph 25 of the

24 Complaint.

25       26.    In answer to paragraph 26 of the Complaint, Defendants are without

26 sufficient knowledge or information to form a belief as to the truth of the allegations

27 contained in said paragraph, and on that basis deny each and every allegation contained

28 therein.

1    27.    In answer to paragraph 27 of the Complaint, Defendants are without

2    sufficient knowledge or information to form a belief as to the truth of the allegations

3    contained in said paragraph, and on that basis deny each and every allegations contained

4    therein.

5    28.    In answer to paragraph 28 of the Complaint, Defendants deny each and

6    every allegation contained in said paragraph.

7    29.    In answer to paragraph 29 of the Complaint, Defendants incorporate by

8    reference each and every denial, defense, or objection contained in Defendants' answer

9    to paragraphs 1 through 28 to the same extent that Plaintiff has incorporated the

10   allegations of paragraphs 1 through 28 of the Complaint by paragraph 29 of the

11   Complaint.

12   30.    In answer to paragraph 30 of the Complaint, Defendants admit that under

13   the Security Agreement Defendant Bob Lewis Lincoln Mercury granted to Plaintiff a

14   security interest in the "Collateral" as defined under said agreement.  Except as so

15   admitted, Defendants deny each and every allegation contained in said paragraph.

16   31.    In answer to paragraph 31 of the Complaint, Defendants deny each and

17   every allegation contained in said paragraph.

18   32.    In answer to paragraph 32 of the Complaint, Defendants deny each and

19   every allegation contained in said paragraph.

20   33.    In answer to paragraph 33 of the Complaint, Defendants deny each and

21   every allegation contained in said paragraph.

22   34.    In answer to paragraph 34 of the Complaint, Defendants admit that Plaintiff

23   has inspected Defendant Bob Lewis Lincoln Mercury's sales lot at 911 Capitol

24   Expressway Auto Mall, San Jose, California 95136.  Except as so admitted, Defendants

25   deny each and every allegation contained in said paragraph.

26   35.    In answer to paragraph 35 of the Complaint, Defendants are without

27   sufficient knowledge or information to form a belief as to the truth of the allegations

28   contained in said paragraph, and on that basis deny each and every allegation contained

**ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND DEMAND FOR JURY TRIAL**

1  therein.

2      36.    In answer to paragraph 36 of the Complaint, Defendants are without

3  sufficient knowledge or information to form a belief as to the truth of the allegations

4  contained in said paragraph, and on that basis deny each and every allegation contained

5  therein.

6      37.    In answer to paragraph 37 of the Complaint, Defendants are without

7  sufficient knowledge or information to form a belief as to the truth of the allegations

8  contained in said paragraph, and on that basis deny each and every allegation contained

9  therein.

10     38.    In answer to paragraph 38 of the Complaint, Defendants maintain that there

11  are no charging allegations therein.

12     39.    In answer to paragraph 39 of the Complaint, Defendants maintain that there

13  are no charging allegations therein.

14     40.    In answer to paragraph 40 of the Complaint, Defendants incorporate by

15  reference each and every denial, defense, or objection contained in Defendants' answer

16  to paragraphs 1 through 39 to the same extent that Plaintiff has incorporated the

17  allegations of paragraphs 1 through 39 of the Complaint by paragraph 40 of the

18  Complaint.

19     41.    In answer to paragraph 41 of the Complaint, Defendants deny each and

20  every allegation contained in said paragraph.

21     42.    In answer to paragraph 42 of the Complaint, Defendants deny each and

22  every allegation contained in said paragraph.

23     43.    In answer to paragraph 43 of the Complaint, Defendants deny each and

24  every allegation contained in said paragraph.

25     44.    In answer to paragraph 44 of the Complaint, Defendants deny each and

26  every allegation contained in said paragraph.

27     45.    In answer to paragraph 45 of the Complaint, Defendants incorporate by

28  reference each and every denial, defense, or objection contained in Defendants' answer

to paragraphs 1 through 44 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 44 of the Complaint by paragraph 45 of the Complaint.

46.    In answer to paragraph 46 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

47.    In answer to paragraph 47 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

48.    In answer to paragraph 48 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

49.    In answer to paragraph 49 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

50.    In answer to paragraph 50 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

51.    In answer to paragraph 51 of the Complaint, Defendants maintain that there are no charging allegations therein.

52.    In answer to paragraph 52 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer to paragraphs 1 through 51 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 51 of the Complaint by paragraph 52 of the Complaint.

53.    In answer to paragraph 53 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

54.    In answer to paragraph 54 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegations contained therein.

<u>AFFIRMATIVE DEFENSES</u>

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege that the

7

1  Complaint and each claim for relief therein fails to state facts sufficient to constitute a

2  cause of action against Defendants.

3      AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Defendants allege that the

4  Complaint and each claim for relief therein is barred by the statute of limitations.

5      AS AND FOR A THIRD AFFIRMATIVE DEFENSE, Defendants allege that the

6  damages of which Plaintiff complains, if any there were, were proximately caused by the

7  negligence, strict liability, breach of contract and breach of warranties by other persons,

8  firms, corporations and entities, including other third parties, for whom Defendants are not

9  and were not responsible, and should Plaintiff be entitled to recover under the Complaint,

10  Plaintiff's recovery should be reduced in proportion to the negligence, strict liability, breach

11  of warranties and breach of contract of such other persons, firms, corporations and

12  entities.

13      AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants allege the

14  alleged damages of Plaintiff, if any there were, were aggravated by the failure of Plaintiff

15  to use reasonable diligence to mitigate these damages, which failure bars or reduces

16  recovery by Plaintiff.

17      AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff

18  has directed, ordered, approved and ratified the conduct of Defendants as alleged in the

19  Complaint, and Plaintiff is therefore estopped from asserting any claim based thereon.

20      AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff

21  has by its own conduct waived any rights and claims as set forth in the Complaint.

22      AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that

23  Plaintiff assumed the risk of any damage resulting from the matters set forth in said

24  Complaint, if any there were, and that said risk assumed by Plaintiff was a proximate

25  cause of the damages alleged by Plaintiff, if any there were.

26      AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that

27  Plaintiff was itself negligent and careless in and about the matters and events set forth in

28  the Complaint, and that said negligence proximately contributed to its alleged damages, if

**ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND DEMAND FOR JURY TRIAL**

1  any there were.  Any judgment in favor of Plaintiff, if any, which may be rendered in this

2  case must therefore be reduced by the percentage of negligence of Plaintiff which

3  contributed to the damages complained of, if any there were.

4  AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff

5  has failed to take reasonable or adequate steps to mitigate, alter, reduce or otherwise

6  diminish the damages, if any, suffered by it.  By reason of the foregoing, Plaintiff is barred

7  from recovery of any damages that might have been prevented by those steps.

8  AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff

9  is barred by the equitable doctrine of estoppel.

10  AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that

11  there is no writing pursuant to any applicable statute, which provides for the award of

12  attorney's fees and costs in favor of Plaintiff as against Defendants.

13  AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, Defendants allege that

14  Plaintiff's claims are barred by the equitable doctrine of laches.

15  AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants allege that

16  Plaintiff's claims are barred by the equitable doctrine of unclean hands.

17  AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Defendants allege that

18  Plaintiff's claims are barred by the equitable doctrine of waiver.

19  AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the

20  contracts alleged in the Complaint were subsequently modified after execution in that

21  Plaintiffs and/or their agents, by oral representations and by conduct or custom that were

22  antithetical to the terms of the written contracts alleged in the Complaint, induced

23  Defendants to rely on that behavior.  Plaintiff is therefore estopped from denying that the

24  contracts alleged in the Complaint were modified.

25  AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Defendants allege that

26  they were induced not to perform under the contracts alleged in the Complaint by the

27  representations, acts, and conduct of Plaintiff intended or naturally tending to have taht

28  effect.

1    WHEREFORE, Defendants pray as follows:

2    1.    That the Court dismiss Plaintiff's Complaint with prejudice;

3    2.    That Plaintiff take nothing by reason of its Complaint;

4    3.    That Defendants be awarded their reasonable attorneys' fees;

5    4.    That Defendants be awarded their costs of suit; and

6    5.    For such other and further relief as the Court deems appropriate.

7

8                                                    Respectfully submitted,

9    Dated: _____, 2007                     RANKIN, LANDSNESS, LAHDE,
                                                     SERVERIAN & STOCK
10

11

12                                                   By: _____
                                                     David J. Stock, Attorneys for
13                                                   for Defendants LEWIS FAMILY
                                                     ENTERPRISES, INC. and
14                                                   STEVEN ROBERT LEWIS

15

16                            DEMAND FOR JURY TRIAL

17    Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS

18    hereby demand a trial by jury.

19

20                                                   Respectfully submitted,

21    Dated: _____, 2007                     RANKIN, LANDSNESS, LAHDE,
                                                     SERVERIAN & STOCK
22

23

24                                                   By: _____
                                                     David J. Stock, Attorneys for
25                                                   for Defendants LEWIS FAMILY
                                                     ENTERPRISES, INC. and
26                                                   STEVEN ROBERT LEWIS

27

28

                                    10

1

2

**VERIFICATION**

3      I, Steven Robert Lewis, am a Defendant in the above-entitled proceeding.  I am

4   also the president of Defendant Lewis Family Enterprises, Inc., a California corporation,

5   and am authorized to make this verification on behalf of said corporation.  I have read

6   the foregoing **ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND**

7   **STEVEN ROBERT LEWIS,** and know the contents thereof.  The same is true of my own

8   knowledge, except as to those matters which are therein represented on information and

9   belief, and, as to those matters, I believe them to be true.

10      I declare under penalty of perjury under the laws of the United States of America

11   and of the State of California that the foregoing is true and correct.  Executed at Monte

12   Sereno, California, on this _____ day of _____ 2007.

13

14

15                                                    _____

16                                                    Steven Robert Lewis

17

18                                                    _____

19                                                    Steven Robert Lewis, President of Lewis
                                                     Family Enterprises, Inc.

20

21

22

23

24

25

26

27

28

**ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND
DEMAND FOR JURY TRIAL**