DAVID J. STOCK (SBN 85655)
MICHELLE C. TING (SBN 228963)
**RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK**
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: (408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendants
LEWIS FAMILY ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual,<br><br>Defendants.<br>_____ | Case No.: C 07-03301 RS<br><br>**DEFENDANTS' REPLY TO FORD MOTOR CREDIT COMPANY, LLC'S OPPOSITION TO APPLICATION OF DEFENDANTS TO SET ASIDE DEFAULT**<br><br>Hearing Date: October 31, 2007<br>Hearing Time: 9:30 a.m.<br>Courtroom: #4, 5th Floor<br>Judge: Magistrate Judge Richard Seeborg |

## I. INTRODUCTION

Ironically, Plaintiff Ford Motor Credit Company, LLC ("Plaintiff" or "Ford Credit") maintains that the application to set aside the default in the instant case should be denied based on the failure of Defendants Lewis Family Enterprises, Inc. (the "corporation") and Steven Robert Lewis ("Lewis") (collectively, "Defendants") to respond to the complaint in a timely manner. Yet, Plaintiff filed its opposition to Defendants' application two (2) days *following* the mandatory notice period or opposition filing deadline set forth in Civil L.R. 7-3(a).

Notwithstanding the foregoing, Plaintiff conveniently disregards and makes no

1  attempt to account for the representations made to Defendants by Plaintiff's then-

2  employee and agent, Phil Ward, a Territory Sales Manager for Ford Credit, that Plaintiff

3  would not be enforcing its legal rights for the duration of the negotiations between

4  Defendants and Ford Motor Company, the parent company of Plaintiff, for the sale of the

5  Ford Lincoln Mercury dealership operated by Defendants.  Significantly, the success of

6  the buy-sell negotiations would have resulted in the final payoff or full settlement of the

7  debt owed by Defendants to Plaintiff.  *See* the Declaration of Steven Robert Lewis (the

8  "Lewis Declaration") at ¶¶ 5, 9, 11, and 14.

9  Although Plaintiff's counsel served Defendants with the complaint and the request for

10  writ of possession, Mr. Ward was concurrently representing to Defendants that the legal

11  proceedings were a mere formality or preliminary in nature as a means of securing the

12  repayment of the outstanding debt owed in the event of a breakdown in negotiations

13  between Defendants and Ford Motor Company. *See* Lewis Declaration at ¶ 9.  Based on

14  the ongoing buy-sell negotiations and the representations of Mr. Ward (i.e., that Plaintiff

15  would agree to stand-down, or take no further legal action during the pendency of the buy-

16  sell negotiations), Defendants took no action in response to the complaint or Plaintiff's ex

17  parte application for a writ of possession.  Rather, Defendants were of the understanding

18  that the instant suit would be dismissed by Plaintiff upon the successful conclusion of the

19  buy-sell negotiations between Defendants and the parent company of Plaintiff.  *See* Lewis

20  Declaration at ¶¶ 11 and 14.

21  Markedly, Plaintiff's opposition does not address nor challenge Mr. Ward's capacity

22  to bind Plaintiff or to make representations on its behalf.  Moreover, Plaintiff makes no

23  attempt to dispute the representations made by Mr. Ward to Defendants, but rather

24  cryptically references Mr. Ward as a "then employee of Ford Credit."  In sum, Plaintiff in

25  no way attempts to dispute the representations made by Mr. Ward to Defendant or his

26  authority to do so on behalf of Plaintiff.

27  Accordingly, "good cause" exists for the Court to set aside the Clerk's entries of

28  default in this case for, as demonstrated herein, Defendants are not culpable for the

1  entries of default, Defendants have a meritorious defense to the underlying action, and

2  Plaintiff will not be prejudiced by the setting aside of the defaults.

3  ## II.  LEGAL ARGUMENT

4      Plaintiff concedes that the Court may set aside the defaults entered against

5  Defendants if it makes any _one_ of the following three findings:  (1) that the conduct of

6  Defendants did not prompt the default; (2) that Defendants have a meritorious defense in

7  the underlying action; _or_ (3) that Plaintiff will not be prejudiced by the setting aside of the

8  defaults.  _See_ Franchise Holding II, LLC v. Huntington Restaurant Group, Inc., 375 F.3d

9  922, 925-26 (9th Cir. 2004); _see also_ Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.

10  1988).  In support of its opposition to Defendants' application, Plaintiff attempts to

11  analogize the facts of the instant case to the facts underlying Franchise Holding II, LLC.

12  However, as detailed below, the facts of this case are distinguishable from those of

13  Franchise Holding II, LLC.  Moreover, Plaintiff does not contend, argue, or even suggest

14  that it will be prejudiced by the Court's setting aside of the defaults in the instant case.

15  ### A.    Defendants are not culpable for their failure to answer the complaint.

16      Plaintiff faults Defendants for failing to answer the complaint given their actual notice

17  of the filing of the underlying action.  Plaintiff further contends that as in Franchise Holding

18  II, LLC, Defendants are culpable for failing to take action despite their reliance on ongoing

19  negotiations with a third party to purchase the dealership operated by Defendants.

20      However, the facts in the instant case are far different than the facts underlying

21  Franchise Holding II, LLC.  For instance, in Franchise Holding II, LLC, the defendant,

22  Huntington Restaurant Group, Inc. ("HRG"), was "explicitly warned" by Franchise Holding

23  that it was proceeding with litigation.  _See_ Franchise Holding II, LLC, supra, 375 F.3d at

24  926.  In contrast, no such warning was provided in the instant case until well after the

25  entries of default had been taken against Defendants.  Instead, Plaintiff's agent, Phil

26  Ward, represented to Defendants that it would stand-down or take no further legal action

27  with respect to the complaint or the order for writ of possession during the pendency of the

28  buy-sell negotiations between Defendants and Plaintiff's parent company.  _See_ Lewis

1  Declaration at ¶ 9.  Based on Plaintiff's representation that it would not pursue litigation for

2  the duration of the buy-sell negotiations, Defendants neither responded to the complaint

3  nor opposed Plaintiff's ex parte request for a writ of possession.  Nevertheless, Plaintiff

4  secured the entries of default against Defendants *prior* to the breakdown in negotiations

5  between Defendants and Ford Motor Company.  *See* Lewis Declaration at ¶¶ 10, 12.

6  Moreover, Defendants' understanding that Plaintiff would not be proceeding with the

7  litigation (i.e., that Plaintiff would take no action to enforce any order or judgment during

8  the pendency of buy-sell negotiations) was not disputed by Plaintiff until August 9, 2007,

9  (or eight (8) days following the entries of default) via correspondence from Plaintiff's

10  counsel, Donald H. Cram in response to a letter from Plaintiff's counsel's which sought to

11  memorialize the representations of Mr. Ward.  *See* Exhibits A and B to the Declaration of

12  David J. Stock.  Thus, Defendants are not culpable for the entries of default for

13  Defendants were never advised by Plaintiff that the latter had perceived a breakdown in

14  negotiations and would therefore be enforcing its legal rights.

15      **B.    Defendants' failure to respond to the complaint was the result of excusable neglect.**

16

17      Excusable neglect is "an equitable concept that takes account of factors such as

18  prejudice, the length of the delay, and impact on judicial proceedings, the reason for the

19  delay, including whether it was within the reasonable control of the movant, and whether

20  the movant acted in good faith."  Franchise Holding II, LLC, supra, 375 F.3d at 927

21  (internal citations omitted).  Plaintiff maintains that no separate inquiry as to excusable

22  neglect is necessary in the instant case because the court in Franchise Holding, III, LLC

23  "ruled that the 'culpability' requirement of Rule 55(c) is the same as the 'excusable

24  neglect' requirement under Rule 60(b).  However, that court merely noted that the concept

25  of excusable neglect "*largely overlaps*" with the issue of culpability.  Id. at 927 (emphasis

26  added).  In Franchise Holding II, LLC, the court did not make a separate inquiry as to the

27  issue of "excusable neglect," because the plaintiff had "explicitly warned" the defendant

28  that it was proceeding with litigation.  Id. at 926.

1　　Here, however, Plaintiff represented to Defendants that it would not be proceeding

2　with litigation during the pendency of Defendants' buy-sell negotiations with Plaintiff's

3　parent company, but nonetheless secured the entries of default during said negotiations.

4　In short, Defendants failure to answer or otherwise respond to the complaint resulted from

5　the representations of Plaintiff.  Consequently, the Court may set aside the entries of

6　default in this case on the grounds of "excusable neglect" for Defendants' explanation for

7　the default is "inconsistent with a "devious, deliberate, willful, or bad faith failure to

8　respond."  *See* Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 1000

9　(9th Cir. 2007).

10　　　**C.　Defendants have a meritorious defense to the underlying suit.**

11　　Plaintiff maintains:  (1) that Defendants have essentially conceded the question of

12　liability, and have no meritorious defense; (2) that Defendants made a strategic error in

13　choosing to rely on the proposed sale of the business to satisfy the demands of the

14　lawsuit; and (3) that Defendants are not saved by the inclusion of a proposed answer.

15　　As distinguished from Franchise Holding II, LLC, Defendants have not conceded

16　liability in the instant action.  *See* Defendants' proposed answer to the complaint attached

17　as Exhibit A to the Lewis Declaration.  Rather, Defendants maintain that any outstanding

18　obligations owed to Plaintiff have been resolved by virtue of Defendants' voluntary

19　termination/resignation of the dealership.  *See* Lewis Declaration at ¶ 12.  Furthermore,

20　Plaintiff rather disingenuously suggests that Defendants made a procedural error in relying

21　on the proposed sale of the business.  However, as detailed in the Lewis Declaration,

22　Defendants did not respond to the complaint or oppose the writ of possession in reliance

23　on the representations of Plaintiff's agent, Phil Ward, who indicated that Plaintiff would

24　stand-down or refrain from litigating the underlying action for the duration of the buy-sell

25　negotiations between Defendants and Plaintiff's parent company.  These specific facts are

26　delineated in the Lewis Declaration, and support the setting aside of the defaults in this

27　action.

28　///

**DEFENDANTS' REPLY TO FORD MOTOR CREDIT COMPANY, LLC'S OPPOSITION TO APPLICATION OF DEFENDANTS TO SET ASIDE DEFAULT**

1       **D.    No prejudice will inure to Plaintiff as a result of the setting aside of the**
2            **defaults.**

3       Plaintiff does not argue that it will be prejudiced if the Court sets aside the entries of

4 default against Defendants.  As noted in Defendants' application, Plaintiff will sustain no

5 prejudice by the setting aside of the defaults in this matter for Defendants did not delay in

6 bringing forth this application which was filed on September 7, 2007, or approximately one

7 (1) month following the Clerk's August 1, 2007 entries of default against Defendants.

8 Moreover, the assets/inventory of the dealership have been surrendered to Plaintiff's

9 parent company by virtue of Defendants' termination/resignation of the franchise (the

10 dealership) to Ford Motor Company.  Pursuant to said arrangement, Ford Motor Company

11 will provide the inventory or payments therefor to Plaintiff.  *See* Lewis Declaration at ¶ 12.

12 Because the Court may set aside the defaults in the instant case if it finds that Plaintiff will

13 not be prejudiced, Defendants respectfully request that the Court  grant their application.

14                       **III.  CONCLUSION**

15       The liberal construction of excusable neglect warrants the Court's setting aside of the

16 defaults in this action for Defendants need only establish one of the following factors:  (1)

17 that the conduct of Defendants did not prompt the entries of default; (2) that Defendants

18 have a meritorious defense in this action; or (3) that Plaintiff will not be prejudiced by the

19 setting aside of the defaults.  Defendants have demonstrated each of the foregoing

20 factors, and Plaintiff has effectively conceded that it will not be prejudiced if the defaults

21 are set aside.  Therefore, Defendants respectfully request that the Court set aside the

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**DEFENDANTS' REPLY TO FORD MOTOR CREDIT COMPANY, LLC'S OPPOSITION TO APPLICATION OF DEFENDANTS TO SET ASIDE DEFAULT**

1    entries of default in this action and permit Defendants to file an answer to complaint.

2

3                                                    Respectfully submitted,

4    Dated: October _16_ , 2007                     RANKIN, LANDSNESS, LAHDE,
                                                     SERVERIAN & STOCK
5

6

7                                              By: _____
                                                     David J. Stock, Attorneys for
8                                                    for Defendants LEWIS FAMILY
                                                     ENTERPRISES, INC. and
9                                                    STEVEN ROBERT LEWIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28