*E-FILED 10/29/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FORD MOTOR CREDIT COMPANY, LLC,

    Plaintiff,

v.

LEWIS FAMILY ENTERPRISES, INC, et al.,

    Defendants.

NO. C 07-03301 RS

**ORDER GRANTING MOTION TO SET ASIDE DEFAULTS**

## I. INTRODUCTION

Defendants Lewis Family Enterprises, Inc. and Steven Robert Lewis move to set aside their defaults entered by the Clerk of the Court herein. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b). For the reasons set forth below, the motion will be granted.

## II. BACKGROUND

Defendants operated a Ford-Lincoln-Mercury dealership, Bob Lewis Ford, with business financing provided by plaintiff Ford Motor Credit Company, LLC.[1] In June of 2007, defendants allegedly began negotiating with an entity known as Ford Dealer Development, owned by Ford

---

[1] The dealership was owned and operated by defendant Lewis Family Enterprises, Inc. Defendant Steven Robert Lewis apparently executed personal guarantees of the corporation's obligations.

1

Motor Company, the parent of plaintiff. Defendants assert that the proposed transaction between them and Ford Dealer Development would have resulted in the sale of all of Bob Lewis Ford's inventory to Ford Dealer Development, in partial satisfaction of the debt owed by the corporation to plaintiff. The balance of the debt, defendants contend, would have been paid upon sale of the dealership or would have been subject to further negotiation for settlement or a payment plan.

Events unfolded as follows:

- On June 22, 2007, plaintiff initiated this action, which was initially randomly assigned to the undersigned.

- On June 26, 2007, plaintiff filed an application for a writ of possession and a temporary restraining order. Plaintiff gave telephonic and email notice to defendant Steven Robert Lewis, the president of defendant Lewis Family Enterprises.

- By declaration, Lewis asserts that he "immediately" attempted to contact his then-attorney, only to learn he was out of the country. Lewis states he then contacted Phil Ward, a "Territory Sales Manager for Plaintiff." Lewis declares that Ward assured him that plaintiff was "getting its ducks in a row" and that it would "stand-down" and not pursue the litigation as long as the buy-sell negotiations were preceding.

- On June 27, 2007, this action was reassigned to United States District Court Judge James Ware, because plaintiff's request for preliminary relief could not be acted upon, absent defendants' consent, and the Court had been advised that defendants' counsel was out of the country and would not return prior to July 3, 2007.

- On June 29, 2007, Judge Ware granted a temporary restraining order and scheduled a hearing on plaintiff's application for a writ of possession. Plaintiff gave notice of that order via email to defendant Steven Robert Lewis, and expressly requested that defendants' counsel contact plaintiff's counsel.

- On July 5, 2007, Judge Ware reset the hearing date on the application for a writ of attachment. Plaintiff again gave notice of that order via email to defendant Steven Robert Lewis, and again expressly requested contact from defendants' counsel.

- On July 11, 2007 the Clerk again reset the hearing date on the application for a writ of

2

attachment. Plaintiff once again gave notice of that order via email to defendant Steven Robert Lewis, and asked for a response from defendants' counsel.

- On July 30, 2007, plaintiff moved for entry of default against defendants. Although plaintiff's communications to defendant Steven Robert Lewis had repeatedly urged defendants to have their counsel contact plaintiff's counsel, none had expressly indicated that plaintiff would seek entry of default. Additionally, the only indication in the record that defendants were served with the applications for entry of default it a proof of service *by mail* on July 30, 2007. (Docket No. 22)[2]

- On August 1, 2007, prior to the time defendants could reasonably have been presumed to receive the notice mailed on July 30th, the Clerk of the Court entered the defaults.

- On August 2, 2007, Judge Ware granted a preliminary injunction and a writ of posession, which defendants had not opposed.

- On August 8, 2007, counsel for defendants contacted plaintiff's counsel for the first time, stating, among other things, that defendants did not intend at that time to incur the expense of moving to set aside the defaults because they were still hopeful the matter would be resolved if the sale of the dealership went through.

- The sale did not go through. Upon defendants' filing of their consent to the jurisdiction of a magistrate judge, this action was again assigned to this Court. On September 7, 2007, defendants filed the present motion to set aside their defaults.

## III. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure states, in relevant part, "[f]or good cause shown the court may set aside an entry of default." Under Ninth Circuit precedent, the Court applies a three-factor test to determine if "good cause" exists: (1) whether defendant's culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside. *TCI Group Life Ins. Plan v.*

---

[2] At the time, defendants had not appeared and were not receiving service through the ECF system.

3

*Knoebber*, 244 F.3d 691, 696 (2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) for the three-factor test and holding that "good cause" showing to set aside default and "excusable neglect" standard to set aside a default judgment are the same).[3] The *Falk* test is disjunctive; thus the court may refuse to set aside default based upon any of the factors. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir.2000).

### 1. Culpable Conduct

A party's conduct may be culpable if he or she has received actual or constructive notice of the filing of the action and intentionally fails to answer the complaint. *Alan Newman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988). If, however, the defendant can offer a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," the failure to answer is "not necessarily . . . culpable or inexcusable." *TCI Group Life*, 244 F.3d at 697-98.

Here, defendants have adequately explained that they did not take action to respond to the complaint because they had received assurances from a representative of plaintiff that the litigation was intended only as a means for plaintiff to get its "ducks in a row" and that plaintiff would "stand down" as long as the negotiations to sell the dealership were continuing. It may be true that defendants failed to respond to the repeated urging of plaintiff's *counsel* for contact, but it is significant that, (1) plaintiff does not suggest that Phil Ward lacked authority to speak on behalf of plaintiff, or that even if he did, defendants should have known that; (2) plaintiff's counsel does not appear to have ever communicated that plaintiff would seek entry of default, and; (3) notice of the applications for entry of default likely were not received by defendant until after the defaults had been entered.

---

[3] Although the *TCI* court concluded that a motion to set aside a default *judgment* should be evaluated under the same three factors considered in a motion to set aside entry of a *default*, it also stressed that the primary competing interests in a motion to set aside a default judgment are "the interest in deciding the case on the merits" and " the very important interest in the finality of judgments." 244 F.3d at 696. Because a motion to set aside a default involves no final judgment, the *TCI* court's reasoning implies that a default should more readily be set aside than a default judgment, even if the same three factor test is applicable.

4

The Court does not condone the failure of any person to take the litigation process seriously; when served with suit it is always a party's obligation to comply with all applicable court rules and deadlines. Conversely, however, even after suit has been filed, efforts to resolve the dispute without further court proceedings are always to be encouraged. Defendants have shown that they reasonably believed that this matter was being resolved outside the litigation process, and that their failure to file an answer was not intended to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Life Group*, 244 F.2d at 700. The defendant need not show that it will prevail, only that there is a bona fide chance that such a result will occur if its factual allegations are true. *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 740 (2d. Cir.1998). There appears to be little dispute here that defendants owed the debts to plaintiff alleged in the complaint. Nevertheless, there do appear to be bona fide disputes as to how much, if anything, defendants *still* owe plaintiff in light of subsequent events.

### 3. Prejudice to Plaintiff

The final factor to consider is whether vacating the clerk's default and permitting the defendants to answer would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue the claim will be hindered." *TCI Life Group*, 244 F.2d at 701. Setting aside defaults to permit defendants to defend this suit on the merits only prejudices plaintiff in this matter in that it delays final resolution of the action. This is insufficient prejudice to plaintiff to justify allowing the defaults to stand.

## IV. CONCLUSION

The motion to set aside the defaults of defendants Lewis Family Enterprises, Inc. and Steven Robert Lewis is GRANTED.

IT IS SO ORDERED.

Dated: October 29, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER SETTING ASIDE DEFAULTS
C 07-03301 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Donald Hogan Cram , III    dhc@severson.com, blb@severson.com

Duane M. Geck    dmg@severson.com

David E. Pinch    dep@severson.com, ma@severson.com

David John Stock    dstock@rllss.com, slawrence@rllss.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: October 29, 2007**                **Chambers of Judge Richard Seeborg**

**By:    /s/ BAK**

ORDER SETTING ASIDE DEFAULTS
C 07-03301 RS