DAVID J. STOCK (SBN 85655)
MICHELLE C. TING (SBN 228963)
**RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK**
96 North Third Street, Suite 500
San Jose, California 95112
Telephone: (408) 293-0463
Facsimile: (408) 293-9514

Attorneys for Defendants
LEWIS FAMILY ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual,<br><br>　　　　Defendants. | Case No.: C 07-03301 RS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**<br><br>**[Fed. R. Civ. Proc. 6(b) & Civil L.R. 6-3]**<br><br>Hearing Date: December 12, 2007<br>Hearing Time: 9:30 a.m.<br>Courtroom:　#4, 5th Floor<br>Judge: Magistrate Judge Richard Seeborg |

## I. NOTICE OF MOTION

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2007, at 9:30 a.m. in Courtroom Number 4 on the fifth floor of the above-named Court located at 280 South 1st Street, San Jose, California, Defendants LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, and STEVEN ROBERT LEWIS ("Defendants") will and hereby do move this Court for an order for enlargement of time or until twenty (20) days following the Court's entry of an order on this motion for Defendants to respond to the complaint filed by Plaintiff FORD MOTOR CREDIT COMPANY, LLC ("Plaintiff") pursuant to Fed. R. Civ.

Proc. 6(b) and Civil L.R. 6-3.

This motion is based on this notice; the memorandum of points and authorities herein; the separate declaration of Michelle C. Ting, Esq.; the separate declaration of Steven Robert Lewis; and upon such other matters as may be presented to the Court at the time of the hearing.

## II.  RELIEF SOUGHT BY DEFENDANTS

Defendants bring forth the instant motion under Fed. R. Civ. Proc. 6(b) and Civil L.R. 6-3 for an enlargement of time to respond to the complaint based on excusable neglect. Defendants are prepared to file an answer in this action, but are in need of additional time to prepare a counterclaim against Plaintiff; and to file related claims against Ford Motor Company, the parent company of Plaintiff, and Ford Dealer Development, operated by Ford Motor Company.  Consequently, Defendants would request an additional twenty (20) days from the date of the Court's entry of an order on this motion to respond to the complaint.

## III.  MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. Proc. 6(b) provides that the Court "may at any time in its discretion" enlarge the time periods set forth in the Federal Rules of Civil Procedure if the request: (1) "is made before the expiration of the period originally prescribed"; or (2) "upon motion made after the expiration of the specified period . . .where the failure to act was the result of excusable neglect."  In furtherance thereof, Civil L.R. 6-3 sets forth the requirements for bringing forth a motion to enlarge or shorten time.  In particular, a motion to enlarge time must:  (1) set forth with particularity the reasons for the requested enlargement of time; (2) describe the efforts made by the party to obtain a stipulation to time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) disclose all previous time modifications in the case; and (5) describe the effect the requested time modification would have on the schedule for the case.  Civil L.R. 6-3(a). As discussed herein, each of the aforementioned factors weighs in favor of the Court's granting of the instant motion for enlargement of time.

**A.     Reasons for the Requested Enlargement of Time**

In setting aside the Clerk's entries of default against Defendants on October 29, 2007, the Court noted that Defendants provided an adequate explanation for their failure to respond to the complaint; specifically, that Plaintiff's representative had assured Defendants that the litigation was intended only as a means for Plaintiff to get its "ducks in a row," and that Plaintiff would "stand down" as long as the negotiations to sell the dealership were continuing. *See* October 29, 2007 Order Granting Motion to Set Aside Defaults, attached as Exhibit A to the Request for Judicial Notice filed concurrently herewith. Although Defendants are presently prepared to file an answer to the complaint, Defendants are in need of additional time to assert their counterclaims against Plaintiff, Ford Motor Company, and Ford Dealer Development. *See* ¶ 10 of the Declaration of Steven Robert Lewis filed concurrently herewith.

Defendants were earlier precluded from considering and setting forth the nature of their counterclaims due, in part, to the urgent need to set aside the defaults entered by the Court Clerk on August 1, 2007. *See* Id. at ¶¶ 4-6. Moreover, until mid-August 2007, Defendants were of the continuing belief that the Ford dealership operated by Defendant LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY (the "corporation") would be purchased by Ford Dealer Development, and that Ford Dealer Development was engaged in good faith negotiations with the corporation. However, upon the unexpected and sudden termination of buy-sell negotiations between the corporation and Ford Dealer Development, Defendants reviewed the actions taken by Ford Motor Company and Ford Dealer Development to influence the corporation to sell its Ford dealership to Ford Dealer Development. Defendants believe that the actions taken by Ford Motor Company prior to and during the course of the corporation's negotiations with Ford Dealer Development for the sale of the dealership were to the detriment of Defendants. In addition, Defendants believe that Plaintiff acted to Defendants' detriment by seizing the dealership's inventory and vehicles despite the corporation's voluntarily termination or resignation of its Ford dealership.

In sum, based upon the unexpected termination of buy-sell negotiations between the corporation and Ford Dealer Development, the conduct of Plaintiff following the termination of the dealership, and the actions taken by Ford Motor Company during the course of the corporation's buy-sell negotiations with Ford Dealer Development, Defendants have only recently discovered the facts giving rise to their counterclaims against Plaintiff, Ford Motor Company, and Ford Dealer Development.  *See* Id. at ¶ 6  To fully set forth these claims, Defendants are in need of additional time to meet with their counsel to plead these claims.  In other words, Defendants earlier failure to present their counterclaims was the result of excusable neglect.  *See* Civil L.R. 6-3.

**B.   Efforts Made to Obtain a Stipulation to the Enlargement of Time**

On the morning of November 1, 2007, counsel for Defendants corresponded with Plaintiff's counsel, Donald H. Cram, III, by facsimile and electronic mail to request an extension of time or until November 21, 2007, to respond to the complaint so as to allow Defendants to pursue their counterclaims against Plaintiff and its parent company, Ford Motor Credit.  *See* Exhibit A to the Declaration of Michelle C. Ting filed concurrently herewith.  Recognizing the time sensitive nature of their request for an extension, Defendants asked that Plaintiff's counsel provide a response no later than 12:00 p.m. on Friday, November 2, 2007.  *See* Id.

On the morning of November 2, 2007, by electronic mail, Mr. Cram refused to grant the additional time sought by Defendants to respond to the complaint.  *See* Exhibit B to the Declaration of Michelle C. Ting.  Consequently, defense counsel necessarily prepared the instant motion on behalf of Defendants.

**C.   Substantial Harm or Prejudice to Defendants if the Enlargement of Time is Not Granted by the Court**

Substantial harm or prejudice will inure to Defendants if the enlargement of time to respond to the complaint is not granted by the Court.  Although Defendants are prepared to file an answer to the complaint, additional time is needed for Defendants to prepare and state their compulsory counterclaims against Plaintiff, and to assert their counterclaims

against Ford Motor Company and Ford Dealer Development, which are not yet parties to this action.  If the instant motion is not granted, Defendants may lose the opportunity to assert their compulsory counterclaims against Plaintiff.  Rather, Defendants will be required to bring forth a motion to amend the answer to set forth their counterclaims, and to compel the joinder of Ford Motor Company and Ford Dealer Development as indispensable parties in order to secure an opportunity to possibly set forth their counterclaims.  Furthermore, the proceedings in this matter would be further delayed if such a motion were brought by Defendants.

**D.   No Prior Time Modifications**

Since Plaintiff's commencement of the above-entitled action on June 22, 2007, no prior time modifications in the instant case have been made by either stipulation or Court order.  However, upon motion of Defendants, the Court set aside the Clerk's entries of default against Defendants on October 29, 2007.  *See* ¶ 2 of the Declaration of Michelle C. Ting; *see also* Exhibit A to the Request for Judicial Notice filed concurrently herewith.

**E.   Effect of Requested Enlargement on the Schedule for the Case**

The requested enlargement of time or until twenty (20) days from the date of the Court's entry of an order on this motion for Defendants to respond to the complaint will have minimal to no impact on the case schedule for the entries of default against Defendants were most recently set aside on October 29, 2007.  Moreover, the sole impeding deadlines in the instant case are:  (1) November 21, 2007, for the filing of a Joint Case Management Conference Statement by the parties; and (2) November 28, 2007, for the Case Management Conference.  Therefore, Defendants anticipate no resulting effect of the requested enlargement on the case schedule.

### III.  CONCLUSION

Based on the foregoing considerations, Defendants respectfully request that the Court grant Defendants a twenty (20) day extension from the date of the Court's entry of an order

///

///

1 | on this motion to respond to the complaint.

3 | Respectfully submitted,

4 | Dated: November 5th, 2007 | RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: _____
David J. Stock, Attorneys for
for Defendants LEWIS FAMILY
ENTERPRISES, INC. and
STEVEN ROBERT LEWIS