```
DAVID J. STOCK (SBN 85655)
MICHELLE C. TING (SBN 228963)
RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK
96 North Third Street, Suite 500
San Jose, California  95112
Telephone:  (408) 293-0463
Facsimile:  (408) 293-9514
```

Attorneys for Defendants
LEWIS FAMILY ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company,<br><br>     Plaintiff,<br><br>vs.<br><br>LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a California corporation, and STEVEN ROBERT LEWIS, an individual,<br><br>     Defendants. | Case No.:  C 07-03301 RS<br><br>**ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND DEMAND FOR JURY TRIAL** |

Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS (individually, "Defendant Bob Lewis Lincoln Mercury" and "Defendant Lewis"; collectively, "Defendants") answer Plaintiff FORD MOTOR CREDIT COMPANY, LLC's ("Plaintiff's") Complaint for:  (1) Breach of Wholesale Agreement; (2) Breach of Capital Loan Agreement; (3) Replevin; (4) Specific Performance; (5) Injunctive Relief; (6) Breach of Guaranty (the "Complaint") as follows:

1.     In answer to paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

2.    In answer to paragraph 2 of the Complaint, Defendants admit all allegations therein.

3.    In answer to paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4.    In answer to paragraph 4 of the Complaint, Defendants admit all allegations therein.

5.    In answer to paragraph 5 of the Complaint, Defendants admit that Defendant Lewis is an individual who is a citizen of the State of California and a resident of Santa Clara County. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

6.    In answer to paragraph 6 of the Complaint, Defendants admit that Plaintiff and Defendant Bob Lewis Lincoln Mercury entered into an agreement titled Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement and that under said agreement Plaintiff provided Defendant Bob Lewis Lincoln Mercury financing. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

7.    In answer to paragraph 7 of the Complaint, Defendants admit all allegations therein.

8.    In answer to paragraph 8 of the Complaint, Defendants admit all allegations therein.

9.    In answer to paragraph 9 of the Complaint, Defendants admit all allegations therein.

10.    In answer to paragraph 10 of the Complaint, Defendants admit all allegations therein.

11.    In answer to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained

therein.

12. In answer to paragraph 12 of the Complaint, Defendants admit that under the Master Loan and Security Agreement Defendant Bob Lewis Lincoln Mercury granted Plaintiff a security interest in the "Collateral" as defined in said agreement. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

13. In answer to paragraph 13 of the Complaint, Defendants maintain that there are no charging allegations therein.

14. In answer to paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15. In answer to paragraph 15 of the Complaint, Defendants maintain that there are no charging allegations therein.

16. In answer to paragraph 16 of the Complaint, Defendants admit that Defendant Lewis executed and delivered to Plaintiff a Continuing Guaranty. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

17. In answer to paragraph 17 of the Complaint, Defendants maintain that there are no charging allegations therein.

18. In answer to paragraph 18 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer to paragraphs 1 through 17 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 17 of the Complaint by paragraph 18 of the Complaint.

19. In answer to paragraph 19 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

20. In answer to paragraph 20 of the Complaint, Defendants admit that Plaintiff conducted an audit of the inventory and accounts of Defendant Bob Lewis Lincoln Mercury, and admit that Defendant Bob Lewis Lincoln Mercury sold vehicles and failed to

repay Plaintiff the amounts advanced to Defendant Bob Lewis Lincoln Mercury thus creating a sales out of trust or "SOT" condition. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

21. In answer to paragraph 21 of the Complaint, Defendants admit that Plaintiff conducted an audit. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained therein.

22. In answer to paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegations contained therein.

23. In answer to paragraph 23 of the Complaint, Defendants deny that Plaintiff has demanded that Defendant Bob Lewis Lincoln Mercury pay the "amounts owing," and further deny that Defendant Bob Lewis Lincoln Mercury has failed and refused to pay the amounts now due. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained therein.

24. In answer to paragraph 24 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

25. In answer to paragraph 25 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer to paragraphs 1 through 24 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 24 of the Complaint by paragraph 25 of the Complaint.

26. In answer to paragraph 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

27. In answer to paragraph 27 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegations contained therein.

28. In answer to paragraph 28 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

29. In answer to paragraph 29 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer to paragraphs 1 through 28 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 28 of the Complaint by paragraph 29 of the Complaint.

30. In answer to paragraph 30 of the Complaint, Defendants admit that under the Security Agreement Defendant Bob Lewis Lincoln Mercury granted to Plaintiff a security interest in the "Collateral" as defined under said agreement. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

31. In answer to paragraph 31 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

32. In answer to paragraph 32 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

33. In answer to paragraph 33 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

34. In answer to paragraph 34 of the Complaint, Defendants admit that Plaintiff has inspected Defendant Bob Lewis Lincoln Mercury's sales lot at 911 Capitol Expressway Auto Mall, San Jose, California 95136. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

35. In answer to paragraph 35 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained

therein.

36. In answer to paragraph 36 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

37. In answer to paragraph 37 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

38. In answer to paragraph 38 of the Complaint, Defendants maintain that there are no charging allegations therein.

39. In answer to paragraph 39 of the Complaint, Defendants maintain that there are no charging allegations therein.

40. In answer to paragraph 40 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer to paragraphs 1 through 39 to the same extent that Plaintiff has incorporated the allegations of paragraphs 1 through 39 of the Complaint by paragraph 40 of the Complaint.

41. In answer to paragraph 41 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

42. In answer to paragraph 42 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

43. In answer to paragraph 43 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

44. In answer to paragraph 44 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

45. In answer to paragraph 45 of the Complaint, Defendants incorporate by reference each and every denial, defense, or objection contained in Defendants' answer

ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS; AND DEMAND FOR JURY TRIAL

1  to paragraphs 1 through 44 to the same extent that Plaintiff has incorporated the
2  allegations of paragraphs 1 through 44 of the Complaint by paragraph 45 of the
3  Complaint.
4      46.    In answer to paragraph 46 of the Complaint, Defendants deny each and
5  every allegation contained in said paragraph.
6      47.    In answer to paragraph 47 of the Complaint, Defendants deny each and
7  every allegation contained in said paragraph.
8      48.    In answer to paragraph 48 of the Complaint, Defendants deny each and
9  every allegation contained in said paragraph.
10     49.    In answer to paragraph 49 of the Complaint, Defendants deny each and
11 every allegation contained in said paragraph.
12     50.    In answer to paragraph 50 of the Complaint, Defendants deny each and
13 every allegation contained in said paragraph.
14     51.    In answer to paragraph 51 of the Complaint, Defendants maintain that there
15 are no charging allegations therein.
16     52.    In answer to paragraph 52 of the Complaint, Defendants incorporate by
17 reference each and every denial, defense, or objection contained in Defendants' answer
18 to paragraphs 1 through 51 to the same extent that Plaintiff has incorporated the
19 allegations of paragraphs 1 through 51 of the Complaint by paragraph 52 of the
20 Complaint.
21     53.    In answer to paragraph 53 of the Complaint, Defendants deny each and
22 every allegation contained in said paragraph.
23     54.    In answer to paragraph 54 of the Complaint, Defendants are without
24 sufficient knowledge or information to form a belief as to the truth of the allegations
25 contained in said paragraph, and on that basis deny each and every allegations contained
26 therein.

## AFFIRMATIVE DEFENSES

28  AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege that the

Complaint and each claim for relief therein fails to state facts sufficient to constitute a cause of action against Defendants.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each claim for relief therein is barred by the statute of limitations.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, Defendants allege that the damages of which Plaintiff complains, if any there were, were proximately caused by the negligence, strict liability, breach of contract and breach of warranties by other persons, firms, corporations and entities, including other third parties, for whom Defendants are not and were not responsible, and should Plaintiff be entitled to recover under the Complaint, Plaintiff's recovery should be reduced in proportion to the negligence, strict liability, breach of warranties and breach of contract of such other persons, firms, corporations and entities.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants allege the alleged damages of Plaintiff, if any there were, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate these damages, which failure bars or reduces recovery by Plaintiff.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has directed, ordered, approved and ratified the conduct of Defendants as alleged in the Complaint, and Plaintiff is therefore estopped from asserting any claim based thereon.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has by its own conduct waived any rights and claims as set forth in the Complaint.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff assumed the risk of any damage resulting from the matters set forth in said Complaint, if any there were, and that said risk assumed by Plaintiff was a proximate cause of the damages alleged by Plaintiff, if any there were.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff was itself negligent and careless in and about the matters and events set forth in the Complaint, and that said negligence proximately contributed to its alleged damages, if

any there were.  Any judgment in favor of Plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage of negligence of Plaintiff which contributed to the damages complained of, if any there were.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has failed to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages, if any, suffered by it.  By reason of the foregoing, Plaintiff is barred from recovery of any damages that might have been prevented by those steps.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is barred by the equitable doctrine of estoppel.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that there is no writing pursuant to any applicable statute, which provides for the award of attorney's fees and costs in favor of Plaintiff as against Defendants.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims are barred by the equitable doctrine of laches.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims are barred by the equitable doctrine of waiver.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the contracts alleged in the Complaint were subsequently modified after execution in that Plaintiffs and/or their agents, by oral representations and by conduct or custom that were antithetical to the terms of the written contracts alleged in the Complaint, induced Defendants to rely on that behavior.  Plaintiff is therefore estopped from denying that the contracts alleged in the Complaint were modified.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Defendants allege that they were induced not to perform under the contracts alleged in the Complaint by the representations, acts, and conduct of Plaintiff intended or naturally tending to have taht effect.

WHEREFORE, Defendants pray as follows:

1. That the Court dismiss Plaintiff's Complaint with prejudice;

2. That Plaintiff take nothing by reason of its Complaint;

3. That Defendants be awarded their reasonable attorneys' fees;

4. That Defendants be awarded their costs of suit; and

5. For such other and further relief as the Court deems appropriate.

Dated: December 4, 2007

Respectfully submitted,

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: _____ For
David J. Stock, Attorneys for
for Defendants LEWIS FAMILY
ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

## DEMAND FOR JURY TRIAL

Defendants LEWIS FAMILY ENTERPRISES, INC. and STEVEN ROBERT LEWIS hereby demand a trial by jury.

Dated: December 4, 2007

Respectfully submitted,

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: _____ For
David J. Stock, Attorneys for
for Defendants LEWIS FAMILY
ENTERPRISES, INC. and
STEVEN ROBERT LEWIS

## VERIFICATION

I, Steven Robert Lewis, am a Defendant in the above-entitled proceeding. I am also the president of Defendant Lewis Family Enterprises, Inc., a California corporation, and am authorized to make this verification on behalf of said corporation. I have read the foregoing **ANSWER OF DEFENDANTS LEWIS FAMILY ENTERPRISES, INC. AND STEVEN ROBERT LEWIS,** and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein represented on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct. Executed at Monte Sereno, California, on this __4__ day of __December__ 2007.

_[signature]_
Steven Robert Lewis

_[signature]_
Steven Robert Lewis, President of Lewis Family Enterprises, Inc.