1  MARK J. KENNEY (State Bar No. 87345)
DUANE M. GECK (State Bar No. 114823)
2  DONALD H. CRAM (State Bar No. 160004)
SEVERSON & WERSON
3  A Professional Corporation
One Embarcadero Center, Suite 2600
4  San Francisco, CA  94111
Telephone:  (415) 398-3344
5  Facsimile:  (415) 956-0439
Email: dhc@severson.com
6

7  Attorneys for Plaintiff and Counterdefendant
Ford Motor Credit Company, LLC

8  Attorneys for Counterdefendant
Ford Motor Company
9

10                UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 12  FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company, | Case No.:  C 07-03301 RS |
| 13                Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 14        vs. | Initial Conference – |
| 15  LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a | Date:  February 20, 2008 |
| 16  California corporation, and STEVEN ROBERT LEWIS, an individual, | Time:  2:30 p.m. Place:  Courtroom 4 |
| 17 | |
| 18                Defendants. | The Hon. Richard Seeborg Complaint filed June 22, 2007 |
| 19  LEWIS FAMILY ENTERPRISES, INC., dba BOB LEWIS LINCOLN MERCURY, a | |
| 20  California corporation, and STEVEN ROBERT LEWIS, an individual, | |
| 21 | |
| 22                Counterclaimants, | |
| 23        vs. | |
| 24  FORD MOTOR CREDIT COMPANY, LLC, a Delaware Limited Liability Company; FORD | |
| 25  MOTOR COMPANY, a Delaware corporation; CAPITOL EXPRESSWAY FORD, INC., a | |
| 26  Delaware corporation, | |
| 27                Counter-defendants. | |

28  10872/0122/642261.1

JOINT CASE MANAGEMENT STATEMENT
*Ford Credit v. Lewis Family Enterprises, Inc.*

1    Plaintiff and Counter-defendant, Ford Motor Credit Company, LLC ("Ford Credit"),

2    Defendants and Counterclaimants, Lewis Family Enterprises, Inc., dba Bob Lewis Lincoln

3    Mercury ("Bob Lewis LM") and Robert Lewis ("Lewis"), and Counter-defendants,  Ford Motor

4    Company ("Ford Motor") and Capitol Expressway Ford, Inc. ("Capitol"), jointly submit this Case

5    Management Conference Statement respectfully showing the Court as follows:

6        1. **Jurisdiction and Service:**

7        The jurisdiction of the Court over the subject matter of this action is predicated on

8    diversity jurisdiction as defined by 28 U.S.C. §1332.  The amount in controversy, exclusive of

9    interest and costs, exceeds $75,000.00 and the claims are between citizens of different states.

10        Venue is proper under 28 U.S.C. §1391 as a substantial part of the events or omissions,

11    giving rise the claims, occurred in this judicial district, and a substantial part of the property, that

12    is the subject of the action, is situated is in this judicial district of the Northern District of

13    California.

14        The Summons and Complaint were personally served upon Bob Lewis LM on June 25,

15    2007 by serving Karen Lewis, an authorized agent for service, at 911 Capitol Expressway, San

16    Jose, California 95133.

17        The Summons and Complaint were personally served upon Lewis on June 26, 2007 at

18    15121 Via Lornita Avenue, Monte Serano, California 95030.

19        Bob Lewis LM and Lewis answered the Complaint and filed a Counterclaim on December

20    4, 2007.

21        Ford Credit filed an answer to the Counterclaim on December 19, 2007.  Ford Motor filed

22    an answer to the Counterclaim on January 3, 2008.

23        Capitol has been given an extension within which to respond to the Counterclaim to

24    February 15, 2008.

25

26

27

28

- 2 -

JOINT CASE MANAGEMENT STATEMENT
*Ford Credit v. Lewis Family Enterprises, Inc.*

## 2. Facts:

Ford Credit was the wholesale flooring lender in the Bob Lewis LM automotive

dealership. Lewis personally guaranteed all obligations owing by Bob Lewis LM to Ford Credit.

The Complaint for breach of contract and for injunctive relief was initiated in conjunction with an

ex parte application for writ of possession as a result of Bob Lewis LM's selling vehicles without

timely paying the amount floored for the vehicles (a situation commonly referred to as "sales out

of trust" or "SOT"). The Court issued a Temporary Restraining Order, which was signed and

entered on June 29, 2007, and which set a show cause hearing to determine whether a writ of

possession should issue. After a subsequent hearing, the Court entered an Order for Writ of

Possession on August 3, 2007. Shortly thereafter, the Court issued a Writ of Possession on

August 6, 2007. The U.S. Marshals Service executed on the Writ of Possession and Ford Credit

is completing the process of liquidating its collateral.

Bob Lewis LM and Lewis claim that they were the ones who alerted Ford Credit of the

SOT condition and that statements from Ford Credit personnel induced them into believing that

relevant agreements were still in effect and that Defendants' obligations could be satisfied from

the proceeds of a sale of the dealership to Capitol. Bob Lewis LM and Lewis further claim that

their efforts to sell the dealership's assets were thwarted by Ford Credit's, Ford Motor's and

Capitol's allegedly tortious and fraudulent actions. Bob Lewis LM and Lewis allege that Capitol

entered into a contract to purchase the assets of the dealership and then breached the contract by

failing to consummate the purchase. Bob Lewis LM and Lewis also allege that Ford Credit

breach the flooring agreement by allegedly selling vehicles before the expiration of the ten day

period after the issuance of a Notice of Private Sale. Finally, Bob Lewis LM and Lewis assert

that Ford Motor and Ford Credit have violated the Federal Dealer Day in Court Act, Title 15

U.S.C. §1222 et seq.

Capitol denies that it ever entered into a binding or enforceable agreement with Bob

Lewis LM. Capitol participated in negotiations concerning a potential agreement with Bob Lewis

LM, but the parties were not able to resolve or agree upon certain material issues and terms, and

no final agreement was reached.

- 3 -

## 3. Legal Issues:

Bob Lewis LM does not dispute that an SOT condition occurred. Similarly, Lewis does not dispute that he executed a personal guaranty in favor of Ford Credit.

Bob Lewis LM and Lewis raise the following issues by way of their counterclaim:

a. Whether Ford Credit breached its loan agreements with Bob Lewis LM;

b. Whether Ford Motor breached its franchise agreement with Bob Lewis LM;

c. Whether Bob Lewis LM and Capitol entered into a binding asset purchase contract;

d. Whether Capital breached its asset purchase contract with Bob Lewis LM;

e. Whether Ford Credit and/or Ford Motor tortiously interfered with the asset purchase contract between Capitol and Bob Lewis LM;

f. Whether Ford Credit and/or Ford Motor tortiously interfered with any prospective economic advantage Bob Lewis LM may have derived from any relationship with Shaun Del Grande;

g. Whether Ford Credit, Ford Motor and/or Capital engaged in any actionable fraudulent conduct;

h. Whether Ford Credit and/or Ford Motor violated the Federal Dealer Day in Court Act, 15 U.S.C. §1222, et seq.

## 4. Motions:

On June 26, 2007, Ford Credit filed an ex parte application for writ of possession and for a temporary restraining order ("TRO"). The Court issued a TRO on July 5, 2007. The Court issued an Order for Writ of Possession on August 3, 2007.

On September 7, 2007, Bob Lewis LM and Lewis have filed an application to set aside their default. This motion was granted by Court Order entered October 29, 2007.

On November 5, 2007, Bob Lewis LM and Lewis filed a motion to extend the time within which to answer the complaint. This motion was granted by Court Order entered November 14, 2007.

After concluding discovery, the parties anticipate filing dispositive motions and also anticipate filing motions in limine.

## 5. Amendment of Pleadings:

The parties do not expect to add or dismiss any parties or claims.

## 6. Evidence Preservation:

The parties have implemented their respective internal procedures to preserve all relevant evidence.

## 7. Disclosures:

The parties have agreed to exchange initial disclosures under Rule 26(a)(1) on or before March 20, 2008.

## 8. Discovery:

The parties have not engaged in any discovery to date. The parties agree to the following discovery schedule:

| Discovery | Deadline |
|---|---|
| Factual Discovery | October 1, 2008 |
| Plaintiff's Initial Expert Disclosure | November 3, 2008 |
| Defendants'/Counter-defendants' Expert Disclosure | November 17, 2008 |
| Reply Expert Disclosure | December 1, 2008 |
| Expert Discovery | January 16, 2009 |

///

///

10872/0122/642261.1

JOINT CASE MANAGEMENT STATEMENT
*Ford Credit v. Lewis Family Enterprises, Inc.*

The parties also agree to the following modifications of the discovery rules:

    a.    The number of interrogatories under Rule 33(a)(1) shall be expanded to 35.

    b.    The number of requests for admission under Rule 36 shall be limited to 15 in number for any party to propound upon any other party.

    c.    The number of depositions under Rule 30 shall be limited to 10 in number for each party and each deposition shall be limited in time to 7 hours.

## 9. Class Action:

Not applicable.

## 10. Related Cases:

The parties are not aware of any related cases.

## 11. Relief:

Ford Credit seeks:

    a.    Damages against Bob Lewis LM and Lewis for any deficiency balance owing under the Wholesale Agreement after disposition of its collateral (the principal balance under the Wholesale Agreement at the time the complaint was filed was $2,333,494.56) with interest and other charges as allowed by contract including costs of suit and reasonable attorneys' fees; and

    b.    Damages against Bob Lewis LM and Lewis under the Capital Loan Agreement in the principal sum of $266,679.99, with interest and other charges as allowed by contract including costs of suit and reasonable attorneys' fees.

Bob Lewis LM seeks an unspecified amount of damages, punitive damages, costs of suit and reasonable attorneys' fees against Ford Credit, Ford Motor, and Capitol.

10872/0122/642261.1

JOINT CASE MANAGEMENT STATEMENT
*Ford Credit v. Lewis Family Enterprises, Inc.*

12. **Settlement and ADR:**

The parties agree to participate in a private mediation.

13. **Consent to Magistrate Judge for All Purposes:**

Ford Credit filed its consent on June 26, 2007.

Bob Lewis LM and Lewis filed their consent on September 7, 2007.

14. **Other References:**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

Outside of dispositive motions, the parties do not believe, at this time, that the issues can be narrowed by agreement or that the presentation of the evidence at trial can be expedited. The parties do not request the bifurcation of issues, claims or defenses.

16. **Expedited Schedule:**

The parties do not believe that this case is suitable to be handled on an expedited basis with streamlined procedures.

///

///

///

///

///

///

///

///

- 7 -

## 17. Scheduling:

The parties propose scheduling dates as follows:

| Action | Date/Deadline |
| --- | --- |
| Factual Discovery | October 1, 2008 |
| Plaintiff's Initial Expert Disclosure | November 3, 2008 |
| Defendants'/Counter-defendants' Expert Disclosure | November 17, 2008 |
| Reply Expert Disclosure | December 1, 2008 |
| Expert Discovery | January 16, 2009 |
| Dispositive Motions Heard | May 15, 2009 |
| Pretrial Conference | June 8, 2009 |
| Trial | June 15, 2009 |

## 18. Trial:

Bob Lewis LM and Lewis have demanded a jury trial. The parties anticipate a 10 day trial.

## 19. Disclosure of Non-party Interested Entities or Persons:

Ford Credit has complied with the Court's Local Rule 3-16. Ford Credit restates that:

    a.    Plaintiff, Ford Motor Credit Company, LLC is a Delaware limited liability company, having its principal place of business in the State of Michigan.

    b.    Ford Motor Company, parent corporation to Ford Motor Credit Company, LLC is a Delaware corporation having its principal place of business in the State of Michigan.

    c.    Defendant, Lewis Family Enterprises, Inc., dba Bob Lewis Lincoln Mercury, is a California corporation, which had its principal place of business in the County of Santa Clara, City of San Jose.

d.    Steven Robert Lewis is the principal and sole shareholder of Defendant, Lewis Family Enterprises, Inc. Mr. Lewis resides in Santa Clara County.

Ford Motor has complied with the Court's Local Rule 3-16. Ford Credit restates that:

a.    Plaintiff, Ford Motor Credit Company, LLC is a Delaware limited liability company, having its principal place of business in the State of Michigan.

b.    Counterdefendant, Ford Motor Company, parent corporation to Ford Motor Credit Company, LLC is a Delaware corporation having its principal place of business in the State of Michigan.

c.    **Defendant and Counterclaimant, Lewis Family Enterprises, Inc., dba Bob Lewis Lincoln Mercury, is a California corporation, which had its principal place of business in the County of Santa Clara, City of San Jose.**

d.    Defendant and Counterclaimant, Steven Robert Lewis is the principal and sole shareholder of Defendant, Lewis Family Enterprises, Inc. Mr. Lewis resides in Santa Clara County.

e.    Counterdefendant, Capitol Expressway Ford, is a Delaware Corporation, which has its principal place of business in the County of Santa Clara, City of San Jose.

## 20. Other Matters:

Not applicable.

DATED:  February 20, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/ Donald H. Cram, III
    Donald H. Cram, III

Attorneys for Plaintiff/Counter-defendant,
FORD MOTOR CREDIT COMPANY,
LLC and Counter-defendant, FORD
MOTOR COMPANY

- 9 -

1    DATED: February 20, 2008

2                               RANKIN, LANDSNESS, LAHDE,
                                  SERVERIAN & STOCK

3

4                               By: _____

5                                 Jon A. Heaberlin

6                               Attorneys for Defendants/Counterclaimants
                                LEWIS FAMILY ENTERPRISES, INC.
                                and STEVEN ROBERT LEWIS

7

8    DATED: February 19, 2008

9

10                               GORDON & REES LLP

11

12                               By: _____/s/_____

13                                 Brian P. Maschler

14                               Attorneys for Counter-defendant
                              CAPITOL EXPRESSWAY FORD, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

CERTIFICATE OF SERVICE

1
2
    I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I
3 am employed in the City of San Francisco, California; my business address is Severson &
Werson, One Embarcadero Center, Suite 2600, San Francisco, CA  94111.
4

    On the date below I served a copy, with all exhibits, of the following document(s):
5

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
6
on all interested parties in said case addressed as follows:
7

8 | Lewis Family Enterprises, Inc. | Steven Robert Lewis |
| 911 Capitol Expressway | 15121 Via Lornita Avenue |
9 | San Jose, CA  95133 | Monte Serano, CA  95030 |

10
☐ **BY UNITED STATES MAIL.**  I enclosed the documents in a sealed envelope or package
11 addressed to the persons at the addresses above:

12     1. ☐ deposited the sealed envelope with the United States Postal Service, with the
postage fully prepaid.

13
    2. ☐ placed the envelope for collection and mailing, following our ordinary business
14 practices.  I am readily familiar with this business's practice for collecting and processing
correspondence for mailing.  On the same day that correspondence is placed for collection and
15 mailing, it is deposited in the ordinary course of business with the United States Postal Service in
San Francisco, California, in a sealed envelope with the postage fully prepaid.

16
☐ **BY MESSENGER SERVICE.**  I served the documents by placing them in an envelope or
17 package addressed t the persons at the addresses above and providing them to a professional
messenger service.

18
☐ **BY OVERNIGHT DELIVERY.**  I enclosed the document sin an envelope or package
19 provided by an overnight delivery carrier and addressed to the persons at the addresses listed
above.  I placed the envelope or package for collection and overnight delivery at an office or a
20 regularly utilized drop box of the overnight delivery carrier.

21 ☐ **BY FAX TRANSMISSION.**  Based on an agreement of the parties to accept service by fax
transmission, I faxed the documents to the persons at the fax numbers listed above.  No error was
22 reported by the fax machine that I used.  A copy of the record of the fax transmission, which I
printed out, is attached.

23
☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION.**  Based on a court order or an
24 agreement of the parties to accept service by e-mail or electronic transmission, I caused the
documents to be sent to the persons at e-mail addresses listed above.  I did not receive, within a
25 reasonable time after the transmission, any electronic message or other indication that the
transmission was unsuccessful.

26
27
28

10872/0122/635999.2

CERTIFICATE OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on February 20, 2008.

PATRICIA E. AMORELLO

- 2 -